Samuel A. Spiegel, J.
This action has been submitted to the court for judgment on an agreed statement of facts. Findings of fact and conclusions of law have been waived.
Defendant is a factor and plaintiff, its client, is a foreign corporation which has never filed a certificate of authority in this State. The claim is one to recover the proceeds of certain accounts receivable, assigned to defendant but never collected by it, and which defendant charged back to plaintiff’s account.
The debtor of these accounts receivable refused to pay. Arbitration was resorted to between plaintiff and debtor and although plaintiff recovered the award, it never moved to confirm the award nor to enter judgment thereon. Within two months of the arbitration award, the debtor became insolvent.
*409 The factoring contract between plaintiff and defendant has been made a part of the record and the relevant parts are as follows:
“ 1. You hereby agree to sell and assign to us as your Factor, such of your accounts receivable which you may in your discretion desire to factor through us that shall be acceptable to us. We shall only be responsible for the financial inability of your customer to pay but we are not to be responsible therefor where non-payment results from any other cause. * * *
“4. You hereby warrant that the merchandise sold will be accepted and retained by your customer without dispute as to price, terms, quantity, quality or for any other reason. You agree to notify us promptly in writing of all such disputes or claims and you agree to settle same at your own cost and expense. We, however, shall have the right at all times, with your consent, to adjust all claims or disputes with your customer upon such terms as you may desire and shall have the right to charge you with any cost or expense pertaining thereto. We shall have the right to charge your account with such claim or disputed item before or after the maturity date. The charge back of any such accounts shall not be deemed a reassignment thereof and title thereto and to the merchandise shall remain in us until we are fully reimbursed for any advances which may have been made to you against such charged back accounts.
“ 5. Any account submitted to us wherein the credit risk has been rejected by us may be purchased by us, with recourse to you however for any non-payment or credit loss therein. Such accounts receivable wherein the credit risk has been assumed by you shall be known as C.R. (Client’s Risk) accounts. Advances made thereon shall be at our discretion and we shall have the right to charge your account with such sale or accounts receivable at the maturity date or upon any prior insolvency plus interest if any. ’ ’
The parties have stipulated that whoever recovers judgment on the first cause of action will likewise recover on the second and third causes as well.
The pivotal point of the controversy is clause “ 4 ” (supra). Defendant contends that the very fact that there was an arbitration proceeding proves there was a dispute and thus plaintiff is estopped from denying the operation of clause “ 4 ”, Plaintiff, on the other hand, contends that its customer’s refusal to pay was unjustified, as the outcome of the arbitration proves. The issue to be resolved then is whether clause “ 4 ” anticipates only the situation in which the plaintiff causes the dispute by its own acts or whether it also anticipates an arbitrary refusal *410 by a customer to pay Ms obligation, over which the plaintiff has no control.
The court holds that clause “ 4 ” is broad enough to include and anticipate any dispute even if arbitrary, or even if beyond the control of plaintiff. The apparent purpose of clause ‘ ‘ 4 ” is to insure that the factor will not be confronted with any obstacles to his collection. By another clause, clause “ 1 ”, the factor has reserved the right to determine which accounts it will accept.
Once a dispute between plaintiff and its customer arises there comes into existence an impediment to collection regardless of the merits of the dispute. At this point clause “ 4 ” comes into operation and the factor’s responsibility for customer’s nonpayment ceases. Since the plaintiff picked its customers, it is only fitting that it, and not the factor, should bear the risk of the customers’ refusal of payment when unreasonable or unfounded. Further, plaintiff waited.over seven months after the inception of the dispute before instituting arbitration proceedings and then failed to confirm the award or even to notify the defendant of its outcome.
If this agreement is ineffective to protect a factor against nonpayment due to a dispute between the seller and buyer, then all commerce between factors would be in jeopardy. If alien disputes can adversely affect the innocent purchaser of accounts receivable then the factor would neither be capable nor free to continue in business. Many firms depend on factors for their very existence. To deprive the factor of the security of its rights contained in its agreement would be tantamount to denying to it its very basis of operation.
No New York case in point has been called to the attention of the court by either party, nor has the court been able to find any. However, there is a New Jersey case, Shapiro Bros. Factors Corp. v. Cherokee Silk Corp. (114 N. J. L. 356), wMch utilizes essentially the same reasoning although the factoring contract contained different terms and the dispute between client and customer was bona fide. In that case the court affirmed judgment for the factor, holding that a clause more analogous to our clause “ 5 ” (supra) reserved to the factor the right to accept only the accounts it chose.
Having decided this point in favor of defendant, there is no need to reach any other issues presented by the affidavits or memoranda of law.
Therefore, this court awards judgment to the defendant on the first cause of action and, in accordance with the stipulation, on the second and third causes of action as well.