■ DANLEIGH FABRICS, INC., Appellant-Respondent, v GAYNOR-STAFFORD INDUSTRIES, INC., et al., Defendants, and CHEMICAL BANK, DOMMERICH DIVISION, Respondent-Appellant. — Order, Supreme Court, New York County (Clifford Scott, J.), entered July 19, 1982, denying defendant Chemical Bank's motion

and plaintiff's cross motion for summary judgment, unanimously modified, on the law, with costs and disbursements, to the extent of granting the motion for summary judgment dismissing the third and fourth causes of action as against Chemical Bank, and otherwise affirmed. Danleigh seeks to recover on alleged wrongful chargebacks by Chemical Bank, its factor, on accounts receivable relating to textile goods sold by plaintiff to defendant, Gaynor-Stafford. In the factoring agreement Danleigh warranted to Chemical Bank that its customers would accept the goods sold and would pay invoices as they became due, "without dispute, claim, offset, defense or counterclaim." Plaintiff was obligated by the agreement to notify the bank of any dispute or claim and, in such event, the factor was accorded the right to charge back the amount of the receivable to Danleigh's account. Thus, paragraph 7 of the agreement provides in part: "In addition to all other rights to which you [Chemical] are entitled under this agreement, where there is such dispute and/or claim * * * you may charge the amount of the receivable so affected or unpaid to the undersigned * * * Regardless of the date or dates upon which you charge back the amount of any receivable where there is such dispute, claim, offset, defense or counterclaim, the undersigned agrees that immediately upon the occurrence of any such dispute, claim, offset, defense or counterclaim, you shall no longer bear the loss on such receivables due to the financial inability of the customer to pay, and such loss shall immediately revert to and be assumed by the undersigned without any act upon your part to effect the same." It appears that in January, 1979, the bank was advised of a dispute between plaintiff and Gaynor-Stafford involving claimed defects with respect to certain goods shipped by Danleigh, style Nos. 536, 536RT and 536DM. As a result, Chemical charged back to Danleigh's account $230,177.78 on 15 invoices, thereafter issuing a credit to plaintiff in the sum of $68,891.24 to account for payment in that amount which had been received from Gaynor-Stafford. This resulted in a total chargeback of $161,286.64. In arguing that the chargebacks were improper, plaintiff contends that they included debits with respect to other textile goods (style No. 579) which had previously been sold to and paid by Gaynor. Thus, plaintiff alleges that these would not constitute a disputed claim subject to the factor's right of chargeback. Further, it is asserted that both factors, Chemical and John P. McGuire & Co., Inc., improperly charged back to plaintiff's account the total sum of $253,540.19, $14,947.71 more than the $238,592.48 disputed claim. Under the terms of the factoring agreement, the factor assumed any risk arising as a result of "the financial inability of the customer to pay" for the goods. Undoubtedly, this was a prime consideration to secure financing in this particular factoring agreement. However, the agreement also contains a warranty protecting the factor against risk of loss where a dispute arises on a claim concerning a defect or nonconformity in the goods. Once a dispute arises, the factor is vested with an unconditional right to charge back to its customer the disputed amount. The right to charge back is founded solely upon the mere existence of a dispute and is in no way premised upon the underlying merit of the claim. The factor is not obligated in any way to investigate or evaluate the dispute or claim. (*Fortune Fabrics v Maguire & Co.*, 72 AD2d 977, affg order, Supreme Ct, NY County [Grossman, J., entered May 29, 1979 (index No. 12764/78)]; *Mountain Top Mfg. Co. v Business Factors Corp.*, 39 Misc 2d 408; *Nissho-Iwai Amer. Corp. v James Talcott, Inc.*, NYLJ, Jan. 19, 1977, p 12, col 1.) The right to charge back, however, extends only with respect to unpaid and disputed accounts (*Duobond Corp. v Congress Factors Corp.*, 41 NY2d 177). We disagree with the conclusion reached by Special Term that there are factual issues as to whether the chargebacks by Chemical Bank represented only the disputed textile goods, style No. 536, or also fabric style

No. 579, the latter sold to and paid for by Gaynor previously, in 1978. To the contrary, the record clearly reflects, from the correspondence, invoices and other documents, that the chargebacks only covered the merchandise in dispute, i.e., textile goods consisting of style No. 536. Under the clear terms of the factoring agreement, once a dispute arose between plaintiff and its customers, the factor had an absolute right to charge back to plaintiff's account the amount represented by the unpaid invoices. Other than the conclusory assertions by plaintiff, there is nothing in the record to affirmatively demonstrate that the chargebacks related to the prior invoices covering style No..579, which had been paid by Gaynor and were not in dispute. This hardly satisfied the burden imposed upon plaintiff in opposing the motion and in support of its cross motion, to assemble and lay bare its affirmative proof on the issue. On this basis, we find the situation here distinguishable from that before the court in *Duobond v Congress Factors* (*supra*), where the unpaid invoices which had been charged back by the factor were not in dispute. It was upon that basis that the Court of Appeals concluded that the chargeback in *Duobond* was improper. We have examined the other contentions raised by plaintiff on its appeal and in opposition to the cross appeal and find them lacking in merit. Concur — Murphy, P. J., Sullivan, Fein, Milonas and Kassal, JJ.