■ GARDEN STATE YARN CORPORATION, Respondent, v ROSENTHAL & ROSENTHAL, INC., FACTORS, Appellant, et al., Defendant. — Order, Supreme Court, New York County (L. Grossman, J.), entered August 2, 1983, granting summary judgment in favor of plaintiff, is unanimously reversed, on the law, without costs, and summary judgment is directed in favor of defendant-appellant dismissing the complaint. In this action by plaintiff Garden State Yarn Corporation against its factor Rosenthal & Rosenthal, Inc., Factors, plaintiff disputes defendant factor's "charge back" of a certain credit to the plaintiff's account arising out of a sale by plaintiff of yarn to its customer Trio Textiles, Inc. During the notice period after plaintiff had given notice to its factor of its proposed termination of their factoring agreement, plaintiff sold yarn for $20,000 to Trio Textiles, Inc., and assigned the invoices dated December 12 and 15, 1980 to the factor. The factor in accordance with its

agreement credited plaintiff's account. Under date of February 26, 1981 Trio sent to defendant factor its check for $20,000 accompanied by a letter directing defendant to "hold this in a suspense account for Trio Textiles. Upon the resolution of a possible dispute with Garden State Textiles I will advise you of the disposition of this money." It appears clear that there was some dispute as to the account though plaintiff contends that the dispute was *de minimis*. The dispute not having been resolved, defendant factor on March 17, 1981 returned the check to Trio demanding instead payment without restriction. At the same time, the defendant factor charged back these items to plaintiff, i.e., it reversed the credit. Trio did not pay, and some time later made an assignment for the benefit of creditors. Under the factoring agreement, it is clear that the factor bears the credit loss in case a buyer fails to pay because of financial inability to make payment, but not if nonpayment is due to any other reason. Further, the contract explicitly provides, "we reserve the right at any time to charge back to your account the amount of the Receivable involved if an *alleged claim,* defense or offset is *asserted*" (italics ours). As this court observed with respect to a similar factor's agreement in *Danleigh Fabrics v Gaynor-Stafford Inds.* (95 AD2d 719, 720): "Once a dispute arises, the factor is vested with an unconditional right to charge back to its customer the disputed amount. The right to charge back is founded solely upon the mere existence of a dispute and is in no way premised upon the underlying merit of the claim. The factor is not obligated in any way to investigate or evaluate the dispute or claim." That is indeed the nature of a factor's business; the factor does not purport to conduct its customer's business for the customer; the factor merely assures the customer against loss by reason of financial inability of the buyer to pay; all other problems remain those of the factor's customer, the plaintiff. Accordingly, having been informed by the buyer that there was a dispute, defendant factor had an absolute right to charge the credit back. The situation is not altered by the fact that the buyer Trio sent a check to defendant factor to be held "in a suspense account for Trio". Clearly this is a restriction by the buyer which forbade the factor to credit plaintiff or even to use the payment. The check was to be held "in a suspense account" and only "for Trio". "A debtor paying his own money may couple the payment with such conditions as he pleases (*Nassoiy* v. *Tomlinson,* 148 N. Y. 326, 331; 3 Williston [Contracts], § 1854). The mere fact that he is a debtor does not deprive him of that privilege. If he has the title to the money, he may pick and choose among his creditors, or refusing to pay any one until coerced by legal process, may keep the money for himself. * * * 'Always the manner of the tender and of the payment shall be directed by him that maketh the tender or payment and not by him that accepteth it.' (*Pinnel's Case,* 5 Co. 117, quoted in *Nassoiy* v. *Tomlinson, supra*). The use of the check in violation of the condition would be an act of conversion." (*Hudson v Yonkers Fruit Co.,* 258 NY 168, 172.) Thus defendant factor was bound by the restriction imposed by the buyer on the use of the check. It is true that the invoices to the buyer bore on their backs in a large two-column page in small print a provision that any check received from the buyer may be accepted and applied by the seller or its factor "regardless of any condition * * * appearing on * * * or accompanying such check". We do not think this imposed upon the factor the obligation to accept such restricted check and assume a partisan role in the dispute between seller and buyer. It had the right to an unrestricted payment. It is suggested that somehow by returning the check defendant factor was "getting itself off the hook", and imposing on plaintiff seller a risk that the factor should have borne. But as the only risk that the factor assumed was the risk of the buyer's financial inability to pay, the return of the check, far from helping the factor evade its risk and obligation, in fact left the factor exposed to the risk of financial inability to pay. The receipt of the check by the

factor demonstrates that at least at that time the risk and problem were not financial inability to pay. If the factor had kept the check, then it would have eliminated the one risk that the factor had contracted to assume, that of financial inability to pay. Thus the return of the check and the demand for an unrestricted payment can only be accounted for by the factor's good-faith belief that that course of conduct was the factor's legal and business obligation. Plaintiff suggests that on or about December 15, 1980 defendant factor unilaterally granted Trio an additional 30 days to pay. Although the record is not clear on this point, we do not see how this prejudiced plaintiff or impaired the right of the factor to charge back the disputed invoices. In the circumstances, the charge back was proper and summary judgment should be granted to defendant-appellant dismissing the complaint. In view of the illegibility of important portions of the record, no costs or disbursements are awarded to appellant. Concur — Asch, J. P., Silverman, Bloom, Fein and Kassal, JJ.