OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 In accordance with a factoring agreement, a factor may charge back against the seller of textiles the full amount of invoices which are unpaid and disputed, even though the actual dispute which the seller has with its own customer may relate both to the goods which are the subject of the unpaid invoices and to goods previously paid for.
 

 
 *679
 
 In January, 1978 plaintiff, Danleigh Fabrics, Inc., a textile converter, entered into a factoring agreement with defendant Chemical Bank. Chemical agreed to purchase accounts receivable of Danleigh it found acceptable and to “assume the loss on such receivables, due solely to the financial inability of the customer to pay at maturity, provided the customer has * * * accepted the goods * * * without dispute, offset or counterclaim”. Danleigh, for its part, warranted that “the customer in each instance has received and will accept the goods sold * * * and the invoice therefor, and will pay the same as and when due without dispute,” and promised to notify Chemical of any disputes by its customers relating to invoices factored through Chemical, settle such disputes, and promptly pay Chemical the amount of the receivables affected thereby. The agreement further provided that “[i]n addition to all other rights to which [Chemical is] entitled under this agreement, where there is such dispute and/or claim, or if any unapproved receivables be unpaid at its maturity, [Chemical] may charge the amount of the receivable so affected or unpaid to [Danleigh].” In this action, Danleigh alleges that Chemical made improper charge-backs relating to certain accounts receivable from one of its customers, defendant Gaynor-Stafford Industries, Inc.
 

 In early 1978, Danleigh made several sales of fabric known as Style 579 to Gaynor. As was the parties’ practice, upon shipping the goods Danleigh sent original invoices to Gaynor and copies to its factor Chemical. Chemical immediately paid Danleigh the invoice amounts less its commission, and when the invoices became due Gaynor paid all of the Style 579 invoices in full to Chemical. Later that year, Danleigh began selling another fabric, Style 536, to Gay-nor. Once again it factored the accounts through Chemical. While Gaynor paid Chemical on maturity for some of the Style 536 goods, it failed to pay when due several invoices totaling $161,286.64 for shipments between October and December, 1978. In January, 1979 Danleigh notified Chemical that Gaynor had raised a dispute as to the quality of Danleigh’s Style 536 goods and “was stopping all payments to all factors.” Chemical then charged back the amount of $161,286.64 against Danleigh’s account, and
 
 *680
 
 Danleigh thereupon brought this action against both Chemical and Gaynor.
 

 Chemical moved to dismiss the claims against it, contending that where there are unpaid receivables and a dispute, its right to charge back the amount of the unpaid receivables under the factoring agreement is unconditional. Danleigh cross-moved for summary judgment. While Danleigh admits that all of the $161,286.24 in Gaynor’s unpaid invoices relates to Style 536 goods, and that it has a dispute with Gaynor as to the quality of some of those goods, it argues that some portion of the underlying dispute with Gaynor relates as well to Gaynor’s dissatisfaction with Style 579 goods, for which Chemical has already been fully paid, and that under our decision in
 
 Duobond Corp. v Congress Factors Corp.
 
 (41 NY2d 177) such a dispute cannot be the basis for a factor’s charge-back.
 

 Special Term denied both motions, concluding that there were issues of fact regarding the merchandise covered by the charge-backs. The Appellate Division unanimously modified by granting Chemical’s motion, finding that the charge-backs covered only Style 536 goods and “there is nothing in the record to affirmatively demonstrate that the chargebacks related to the prior invoices covering style No. 579, which had been paid by Gaynor and were not in dispute.” (95 AD2d, p 721.) We now affirm.
 

 In
 
 Duobond,
 
 we held that a factor, operating under an agreement similar to the one herein, had no right to charge back certain unpaid invoices where it was acknowledged that there was no dispute as to the goods covered by those invoices and the dispute concerned only goods of another type for which the factor had already been paid. Here, by contrast, all of the unpaid invoices relate to Style 536 goods, and it is agreed that Gaynor disputed the quality of Style 536 goods. Danleigh argues that there is an issue of fact as to how much of the dispute underlying Gaynor’s refusal to pay may relate to the Style 579 goods. Neither the factoring agreement between the parties nor our decision in
 
 Duobond
 
 requires that the factor before exercising its right of charge-back verify the merits of the dispute between the seller and its customer, or limits the factor’s
 
 *681
 
 right of charge-back to the portion of the unpaid invoices referable to a particular dispute regarding quality of the goods. Here, unlike Danleigh’s customer raised a dispute as to the goods which are the subject of the outstanding invoices, and announced its intention to stop all further payments to factors. Once there is such a dispute concerning goods that are the subject of unpaid accounts, the parties’ agreement places the risk of collecting those accounts on the seller, not the factor.
 

 We have considered Danleigh’s other arguments and find them to be without merit.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
 

 Order affirmed, with costs, in a memorandum.