■ TEX STYLES GROUP, INC., Respondent-Appellant, v REPUBLIC FACTORS CORP., Appellant-Respondent. — Order entered on or about January 3, 1984 in Supreme Court, New York County (Gammerman, J.), denying the parties' respective motions for summary judgment, is unanimously modified, on the law, to grant defendant's motion for summary judgment dismissing the complaint and the order is otherwise affirmed, with costs.

This case presents the not unusual situation which can arise under a factoring agreement when a factor "charges back" against its customer's account for the amount of unpaid invoices. This occurs after the factor receives notice of a claimed defect from the buyer of the goods.

In the customary factoring agreement, as here, the factor purchases the accounts receivable due from an approved list of customers and then looks to the purchaser of the goods for payment, as the accounts become due. The factor bears the risk of loss if the purchaser of the merchandise is financially unable to pay the accounts receivable. However, if the purchaser raises a dispute concerning goods that are the subject of unpaid accounts, the factoring agreement entitles the factor to charge back against the seller of the textiles for the full amount of invoices which are unpaid and disputed.

It is not necessary to fully detail the underlying facts of the instant action. It suffices to state that the plaintiff and the defendant entered into this factoring agreement, and subsequently an alleged dispute arose between plaintiff Tex Styles and its customer concerning merchandise that was the subject of unpaid accounts held by defendant Republic, the factor. After being informed of this dispute through Tex Styles' buyer, Republic charged back the appropriate amount against Tex Styles' account. Plaintiff Tex Styles then brought this action to recover these "charge backs" claiming, in effect, that there was no real dispute concerning the quality of the merchandise, but only financial difficulties on the part of the buyer, and therefore, defendant Republic was not entitled to a charge back to plaintiff's account. Both parties moved for summary judgment and now cross-appeal the order denying their respective motions.

The law on this subject is now clear; a factor may exercise its contractual right of charge back without verifying the merits of the dispute between the seller and the eventual buyer. (*Danleigh Fabrics v Gaynor-Stafford Inds.*, 62 NY2d 677.)

We believe the facts here clearly fall within the holding of *Danleigh*. The factor, Republic, charged back Tex Styles' account after being informed of a dispute between plaintiff and one of plaintiff's customers concerning the factored accounts receivable. Republic was under no duty to make a determination as to whether the dispute was bona fide before exercising its right to charge back, as indicated by the factoring agreement between the parties. Plaintiff's allegation pertaining to the lack of the merits underlying the dispute does not assert there was no dispute, but only questions the *bona fides* of that dispute.

Accordingly, Special Term should have granted defendant Republic's motion for summary judgment dismissing the complaint. Concur — Sullivan, J. P., Ross, Carro, Bloom and Kassal, JJ.