■ NEW JERSEY BANK, NATIONAL ASSOCIATION, Appellant, v ENRICO P. VARANO et al., Respondents, et al., Defendants.—In an action to recover on a guarantee of payment, the plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated October 25, 1984, which denied its motion, *inter alia,* for summary judgment and for dismissal of the counterclaim and affirmative defenses of the defendants Varano.

Order modified, on the law, so as to provide that the motion is granted to the extent of granting the plaintiff partial summary judgment against the defendants Varano on the issue of liability, and dismissing the counterclaim and affirmative defenses asserted by those defendants. As so modified, order affirmed, with costs to the plaintiff, and matter remitted to the Supreme Court, Kings County, for a trial on the issue of damages, before the court without a jury, in accordance with CPLR 3212 (c).

In this action by a bank on a guarantee executed by the defendants Enrico P. Varano and Marianna Varano to secure obligations owed by a corporation to the bank's assignor Academy Leasing, Inc., no triable issue is raised by the guarantors' defenses and counterclaim based on fraud and deceit allegedly practiced by Academy Leasing, Inc., upon the

corporate principals, since it is for the principals to determine what use they will make of this independent cause of action (see, Ettlinger v National Sur. Co., 221 NY 467, 469-470; Security Natl. Bank v Estatio, 29 AD2d 887). Moreover, in the guarantee executed by the defendants Varano, they waived their right to interpose counterclaims, defenses and rights to setoff of any kind. The defendants Varano are bound by the terms of the agreement admittedly validly executed by them (see, Silbert v Silbert, 85 AD2d 661, 662). Accordingly, partial summary judgment should have been granted on the issue of liability against them.

We find, however, that triable issues of fact are presented as to the amount due to the plaintiff, and a trial regarding damages is required. The defendants Varano raised a factual issue regarding the bona fides of the sale of the collateral lease equipment by pointing out that it was sold through a private offer at a price substantially less than the appraised forced-sale value of the equipment. There is a valid dispute as to whether the methods chosen by the plaintiff for the disposition of the equipment were commercially reasonable. There is an additional triable issue of fact regarding the amount of interest properly chargeable to the defendants Varano under the terms of the guarantee agreement, which is governed by New York law. Accordingly, a trial on the issue of damages is hereby ordered. We note that the defendants Varano waived their right to a jury trial in any action based on their guarantee. Mollen, P. J., Weinstein, Rubin and Spatt, JJ., concur.