■ CHRYSLER CREDIT CORPORATION, Respondent, v OZZIE O. KOSAL et al., Defendants, and SUAT KORA et al., Appellants.— In an action, *inter alia,* to recover on a guarantee, the defendants Kora appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated July 31, 1986, as granted that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 17, 1979, the defendants Kora personally signed a continuing guarantee of loans made by the plaintiff to a Dodge dealership owned by the defendants. When the dealership ceased operations in April 1981 the plaintiff took possession of the dealer's vehicular inventory, parts, equipment and fixtures and liquidated the same. The plaintiff has brought this action, *inter alia,* against the guarantors for a claimed deficiency of $37,040.97, together with attorney's fees.

The defendants Kora contend that partial summary judgment on the issue of liability should not have been granted on the grounds that (1) the continuing guarantee at issue is unconscionable, and (2) the question of the "commercial reasonableness" of the plaintiff's postdefault liquidation of the collateral is a bar to such partial summary judgment. We disagree.

There are no allegations of fraud, misrepresentation or duress made in connection with this guarantee. As to the claim of unconscionability, the appellants have failed to establish "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party" *(Williams v Walker-Thomas Furniture Co.,* 350 F2d 445, 449; *see also, Matter of State of New York v Avco Fin. Serv.,* 50 NY2d 383, 389; *Lister Elec. v Incorporated Vil. of Cedarhurst,* 108 AD2d 731). There is no evidence of "oppression and unfair surprise" (Uniform Commercial Code § 2-302, comment). On the contrary, this is a commercial transaction by business people in a commercial setting, under terms that are standard in the trade, which factual predicate gives rise to a presumption of lack of unconscionability *(see, Cayuga Harvester v Allis-Chalmers Corp.,* 95 AD2d 5, 20; 2 Anderson, Uniform Commercial Code § 2-302:39, at 444 [3d ed], citing *Earman Oil Co. v Burroughs Corp.,* 625

F2d 1291, 1300; *Lister Elec. v Incorporated Vil. of Cedarhurst, supra,* at 733; *see also, Carvel Corp. v Rait,* 117 AD2d 485).

Also, the appellants' claims of lack of understanding of the terms of the guarantee were properly rejected in view of their 20-year residence in this country, and their admitted familiarity with the English language. In this regard, we further note that the defendant Suat Kora is a physician. Their failure to read or seek an explanation of the terms of the continuing guarantee is insufficient to relieve them from liability under a voluntarily assumed and nonfraudulently induced contract *(see, Pimpinello v Swift & Co.,* 253 NY 159; *Newmark & Lewis v Olim Realty Corp.,* 109 AD2d 737). Accordingly, it was proper to grant partial summary judgment on the issue of liability under the guarantee *(see,* CPLR 3212 [e]; *New Jersey Bank v Varano,* 120 AD2d 505).

In this case, the factual circumstances surrounding the plaintiff's disposal of the collateral have been fully disclosed. The plaintiff has set forth the manner and circumstances of the sale as well as the storage and transportation expenses involved. The plaintiff has demonstrated that liquidation was accomplished in the manner accepted in the trade and that the plaintiff received approximately 81% of the indebtedness. Further, there has been no showing of a substantial discrepancy between disposal and sales prices or of self-dealing *(cf., Mack Fin. Corp. v Knoud,* 98 AD2d 713; *Central Budget Corp. v Garrett,* 48 AD2d 825). Under these circumstances, the other issues raised by the appellants with regard to the commercial reasonableness of the plaintiff's liquidation should be addressed in the trial of damages. Therefore, it was proper to relegate the issue of the commercial reasonableness of the plaintiff's postdefault liquidation to the trial of damages *(see, New Jersey Bank v Varano, supra,* at 505). Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.