OPINION OF THE COURT
Edward J. Greenfield, J.
In this dispute over the interpretation of a factoring agreement, defendant Ambassador Factors Corp. moves for sum *436 mary judgment to dismiss the complaint and for an award of counsel fees on its counterclaim. Plaintiff, Takisada American Corp., moves to amend its complaint to declare the factoring agreement to be unconscionable. Takisada, its predecessors and affiliates, is a manufacturer or distributor of piece goods. In 1969, Takisada entered into a factoring agreement with Ambassador Factors pursuant to which Takisada would assign all its accounts receivable to the factor as security for advances. This arrangement continued for many years.
The instant dispute arises from the sale and assignment of two accounts receivable allegedly due and owing from the Lebow Clothes Division of the Abraham Zion Apparel Corp. Zion claimed that Takisada had failed to make timely delivery and canceled the order. Accordingly, Ambassador notified Takisada that because of the existence of the dispute, they would charge back the $26,700 involved, but would pursue the claim against Zion, although the primary responsibility remained with Takisada. Ambassador thereupon proceeded to sue Zion, and recovered a default judgment with interest and costs in the sum of $35,505.46, none of which was actually recovered.
The amount of the receivables in dispute in the Zion matter having been deducted from Takisada’s balance, Takisada brought this action to recover the charge-back.
There are no facts in dispute in this matter, which is to be decided solely on the basis of interpretation of the standard form factoring agreement, between the parties. It is clear and unambiguous. Ambassador agreed to take the receivables assigned "without recourse” "except as hereinafter set forth * * * provided that the merchandise represented thereby is duly delivered to and finally accepted and kept by the customer without dispute, bona fi.de or not, as to price, terms, delivery, quantity, quality or otherwise” (emphasis added).
The agreement further provided: "All disputes, claims or controversies relating to any Receivables must be settled by you at your own cost and expense. No responsibility or liability shall attach to us in respect to any Receivable payment of which is refused or withheld by reason of any dispute, bona fide or not * * * We shall have the right to charge to your account the entire amount of any sale as to which any such dispute arises, and you agree to pay the amount of such Receivables to us on demand” (emphasis added).
Given those provisions of the agreement, which governed *437 the respective obligations of the parties for 16 years before the dispute arose, there can be no question that Ambassador had a right to charge back any accounts which were in dispute. Its agreement to take receivables "without recourse” was modified by the specific exceptions set forth in the contract. It is of no moment that while Zion claimed it was refusing the shipments for late delivery Takisada and its sales agent insisted this was a mere subterfuge so that Zion, in a shaky financial position, could avoid payment of its obligations. Since Zion refused to accept delivery or to acknowledge that it owed any money, it cannot be gainsaid that these were disputed accounts receivable and the right to charge back existed. "Once a dispute arises, the factor is vested with an unconditional right to charge back to its customer the disputed amount. The right to charge back is founded solely upon the mere existence of a dispute and is in no way premised upon the underlying merit of the claim. The factor is not obligated in any way to investigate or evaluate the dispute or claim.” (Danleigh Fabrics v Gaynor-Stafford Indus., 95 AD2d 719, 720, affd 62 NY2d 677.)
As pointed out in Garden State Yarn Corp. v Rosenthal & Rosenthal (99 AD2d 721, 722): "the factor does not purport to conduct its customer’s business for the customer; the factor merely assures the customer against loss by reason of financial inability of the buyer to pay; all other problems remain those of the factor’s customer, the plaintiff. Accordingly, having been informed by the buyer that there was a dispute, defendant factor had an absolute right to charge the credit back.” (See also, State Bank of India v Heller & Co., 655 F Supp 326; Exportos Apparel Group v Chemical Bank, 593 F Supp 1253.)
The attempted amendment of the complaint to include a claim that the "bona fide or not” provision of the factoring agreement is unconscionable under UCC 2-302 is wholly without basis. It is clear that article 2 of the UCC by its terms applies only to transactions of the sale of goods (UCC 2-102). A sale and assignment of accounts receivable is not the sale of goods. In any event, there is no basis for a claim of unconscionability. The doctrine of unconscionability "is primarily a means with which to protect the 'commercially illiterate consumer beguiled into a grossly unfair bargain by a deceptive vendor or finance company’ ”. (Gillman v Chase Manhattan Bank, 135 AD2d 488, 491, affd 73 NY2d 1, citing Equitable Lbr. Corp. v IPA Land Dev. Corp., 38 NY2d 516, 523; see also, *438 Chrysler Credit Corp. v Kosal, 132 AD2d 686.) See discussion of the concept of unconscionability by this court in Hertz Corp. v Attorney-General of State of N. Y. (136 Misc 2d 420, 424-426).
In the present case, the parties were both well-established commercial entities. The factoring agreement challenged herein was identical with thousands and thousands of others used by banks, factors and commercial finance companies in the field of accounts receivables financing. There is no case sustaining any challenge to this standard charge-back clause. The agreement governed the parties here for well over 15 years before it occurred to counsel to claim that its provisions were somehow "unconscionable.”
On the basis of the undisputed facts, the clear and unambiguous provisions of the contract, and the unanimous array of legal authority sanctioning the practice, the motion of defendant Ambassador to dismiss Takisada’s complaint is granted and the motion by Takisada to add the claim of unconscionability is, of course, denied. The court regards the bringing of this suit and the interposition of unsubstantiated contentions as being wholly frivolous and without merit in law or fact, and it will therefore impose sanctions upon the plaintiffs attorney by requiring the payment of the sum of $2,000 pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 130-1.3. Ambassador’s claim for the counsel fees incurred in bringing the suit against Zion is severed, and will be set down for an assessment upon the filing of a note of issue.