■ EXTEBANK, Appellant, v MARCO GROUP, INC., Defendant, and STUART SLOANE, Respondent. [599 NYS2d 973] —In an action, *inter alia,* to recover on a guarantee of payment, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated February 21, 1991, which denied its motion for partial summary judgment on the issue of liability under the guarantee.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

We find that the guarantor has not raised any triable issue of fact by his defenses and counterclaims, with the exception of the commercial reasonableness of the disposition of the principal's inventory, since the guarantor expressly waived his right to interpose counterclaims, defenses, and rights of setoff of any kind *(see, European Am. Bank v Lofrese,* 182 AD2d 67; *New Jersey Bank v Varano,* 120 AD2d 505, 505-506). Accord-ingly, partial summary judgment should have been granted on the issue of liability against the guarantor.

As the plaintiff concedes, the guarantor's remaining conten-tions regarding the appropriate disposition of Marco's inven-tory are issues to be heard at the trial of damages *(see, Color Mate v Chase Manhattan Bank,* 168 AD2d 534; *Chrysler Credit Corp. v Kosal,* 132 AD2d 686, 687; *New Jersey Bank v Varano, supra).* Lawrence, J. P., O'Brien, Ritter and Santucci, JJ., concur.