■ MADARO TRADING CORP., Respondent, v NATIONAL BANK OF NORTH AMERICA, Appellant.—In an action by a general creditor against a secured creditor to recover damages which allegedly resulted from an improper sale of the debtor's assets, the defendant appeals from an order of the Supreme Court, Kings County, dated December 8, 1977, which denied its motion for summary judgment and granted the plaintiff's cross motion to amend the complaint. Order modified, on the law, by deleting the first and second decretal paragraphs thereof and substituting therefor a provision denying the cross motion. As so modified, order affirmed, without costs or disbursements. The defendant, National Bank of North America (the bank), had loaned to the Diamond Lighting Fixtures Corporation (Diamond) considerable sums which were secured by a lien upon Diamond's inventory, accounts receivable and equipment. The plaintiff was an unsecured creditor of Diamond. When Diamond advised the bank that it would have to be liquidated, the bank foreclosed its lien, collected the accounts receivable and transferred the remaining inventory, equipment and other assets to the Dikal Corporation (Dikal) for $30,000. A portion of the Diamond debt was charged off by the bank as uncollectible. It appears from the record that Diamond's principal shareholder, Kenneth Gale, was also a shareholder of Dikal, that

Diamond was an active participant in the negotiations which preceded the transfer of Diamond's remaining assets to Dikal and that the sales agreement was approved by Gale for Diamond. There is a question of fact therefore as to whether the disposition was "commercially reasonable" within the meaning of subdivision (2) of section 9-507 of the Uniform Commercial Code (see *Central Budget Corp. v Garrett,* 48 AD2d 825). Knowledge of the circumstances surrounding the sale is peculiarly within the knowledge of the bank. The plaintiff is not seeking to set aside the conveyance or to reach Diamond's assets now in Dikal's possession, but to obtain damages from the bank. Principles of law and equity, including the law relative to fraud, supplement the provisions of the code (Uniform Commercial Code, § 1-103; Denonn, Practice Commentary, McKinney's Cons Laws of NY, Book 62½ Uniform Commercial Code, § 1-103, p 11). The bank's motion for summary judgment was therefore properly denied. However, the plaintiff's cross motion for leave to amend the complaint must also be denied, since article 6 of the code ("Bulk Transfers") is clearly not applicable (see *American Metal Finishers v Palleschi,* 55 AD2d 499, 501-502). Latham, J. P., Damiani, Titone and Suozzi, JJ., concur.