MARINE MIDLAND BANK, N. A., Appellant, v KRISTIN INTERNA-
TIONAL LTD. et al., Respondents.

Fourth Department, November 15, 1988

**APPEARANCES OF COUNSEL**

*Hancock & Estabrook (Thomas Buckel* of counsel), for appel-
lant.

*Goldberg, Harding & Talev, P. C. (George Mitris* of counsel), for respondents.

### OPINION OF THE COURT

Doerr, J.

The sole issue to be resolved by this appeal is whether the guarantor of the debt may waive the defense that the secured creditor failed to conduct a liquidation sale in a commercially reasonable manner. We hold that a guarantor may not waive this defense and, therefore, we affirm the order of Special Term, which denied plaintiff's motion for summary judgment in this deficiency action.

The facts of the case are essentially undisputed and may be stated simply. From 1979 through 1983, defendant Kristin International Ltd. (Kristin) borrowed over $600,000 from Marine Midland Bank, N. A. (Marine). One of the loans was made under the Small Business Administration (SBA) Guaranteed Loan Program. The loans are evidenced by promissory notes dated October 4, 1979; May 4, 1981; and February 28, 1983. As part of the loan transactions, Kristin executed security agreements giving Marine a security interest in, among other things, its inventory, accounts receivable, and equipment. Moreover, on April 3, 1981, Kristin's principals, defendants Katherine Kraeger and Kristin Bryant, each executed an unconditional guarantee on Marine's standard form of any and all indebtedness of Kristin to Marine. Kraeger and Bryant each also executed an unconditional guarantee of the amounts due pursuant to the SBA note on a standard SBA guarantee form, dated May 4, 1981. Both guarantee forms contained provisions giving Marine the right to dispose of the collateral securing Kristin's indebtedness in any manner, at Marine's discretion.

As early as 1983, Kristin experienced financial difficulties. In late 1985, after a work-out agreement with Marine failed, Kristin was in default of its obligation to repay the amounts due and owing on the notes. In January 1986, Kristin consented to allow Marine to take possession of all collateral peacefully. After the breakdown of negotiations between Marine and a potential purchaser of Kristin's assets, consisting mainly of ski apparel, Marine liquidated the collateral at a public auction sale held on June 24, 1986. Marine realized $37,440.65 on the sale, leaving a deficiency of over $400,000. Marine then commenced the instant action against Kristin, as

well as against Kraeger and Bryant as guarantors, to recover the balance due and owing on the notes.

Each defendant answered and asserted, as an affirmative defense to the action, that Marine had failed to dispose of Kristin's assets in a commercially reasonable manner. Marine moved for summary judgment against the guarantors on the ground that by the terms of the guarantee agreements, defendants Kraeger and Bryant had waived the defense of commercial reasonableness. Defendants opposed the motion, arguing that the defense of commercial reasonableness cannot be waived. Special Term denied Marine's motion for summary judgment.

On appeal, Marine argues that a guarantor may legally and effectively surrender his rights and defenses under Uniform Commercial Code article 9, in advance of default, by the terms of an unconditional guarantee, citing the Third Department's recent decision in *First City Div. of Chase Lincoln First Bank v Vitale* (123 AD2d 207). We decline to follow the Third Department's holding and reach a contrary conclusion. In our view, a guarantor is a "debtor" within the definition set forth in Uniform Commercial Code § 9-105 (1) (d), and, therefore, a guarantor may not waive the defense of commercial reasonableness, pursuant to Uniform Commercial Code § 9-501 (3).

Uniform Commercial Code § 9-105 (1) (d) defines a debtor for article 9 purposes as "the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral". One New York court, construing this definition, has held that a guarantor is a debtor within the scope of this definition *(see, Chase Manhattan Bank v Natarelli,* 93 Misc 2d 78, 86-90; *see also, First Bank & Trust Co. v Mitchell,* 123 Misc 2d 386, 389). In *Natarelli,* the court reasoned that the determination that a guarantor is a debtor would support the Uniform Commercial Code scheme of making distinctions " 'along functional rather than formal lines' " *(Chase Manhattan Bank v Natarelli, supra,* at 88). The court further noted that the majority of commentators, as well as the majority of other jurisdictions that have addressed this issue, have so held *(Chase Manhattan Bank v Natarelli, supra; see also,* Annotation, 5 ALR4th 1291; 8 Anderson, Uniform Commercial Code § 9-105:8, at 556 [3d ed]; 2 White and Summers, Uniform Commercial Code § 27-12, at 603-604 [3d ed]; *Dakota Bank & Trust Co. v Grinde,* 422 NW2d 813, 818 [Sup Ct, ND], and cases cited therein). That is also our view because the guarantor becomes liable for the principal obliga-

tion upon default. A guarantor is one who "owes payment or other performance of the obligation secured" (UCC 9-105 [1] [d]). This reading is buttressed by the fact that this section does not require a debtor to own or have any rights to the collateral.

Moreover, we find this result to be not only the more reasonable one, but the one that best comports with the regulatory scheme of the Uniform Commercial Code. As one court persuasively noted, "[t]o confine the definition of debtor to the principal obligor would permit creditors to circumvent this comprehensive regulatory scheme intended by the Code by the simple expedient requiring a debtor to obtain a guarantor. Upon default the party with the most substantial interest in the collateral would be left unprotected by the Code. The result would be to encourage the very type of economic waste which the Code was designed to minimize" *(Ford Motor Credit Co. v Lototsky,* 549 F Supp 996, 1004 [ED Pa]; *see also,* Note, *Commercial Law—Commercially Unreasonable Foreclosure Sales in the Context of a Surety Relationship, United States v Lattauzio,* 34 U Kan L Rev 175 [1985]).

Our research of the question has revealed that most courts that have held that a guarantor is a debtor for article 9 purposes have further held that a guarantor may not waive the defense of commercial reasonableness *(see, Ford Motor Credit Co. v Lototsky, supra,* at 1004-1005). Uniform Commercial Code § 9-504 (3) provides that the secured creditors' post-default disposition of the collateral "must be commercially reasonable". Uniform Commercial Code § 9-501 (3) provides that "[t]o the extent that they give rights to the *debtor * * * * the rules stated in the sections and subsections referred to below [including § 9-504 (3)] *may not be waived or varied"* (emphasis added). Therefore, our determination that a guarantor is a debtor requires the further conclusion that the guarantor's right to have the collateral disposed of in a commercially reasonable manner may not be waived *(see, United States v Willis,* 593 F2d 247 [6th Cir]; *United States v Terrey,* 554 F2d 685 [5th Cir]; *Ford Motor Credit Co. v Lototsky,* 549 F Supp 996 [ED Pa], *supra; C.I.T. Corp. v Anwright Corp.,* 191 Cal App 3d 1420, 237 Cal Rptr 108, *mod* 192 Cal App 3d 818 [Ct App, 2d Dist]; *Branan v Equico Lessors,* 255 Ga 718, 342 SE2d 671; *Dakota Bank & Trust Co. v Grinde,* 422 NW2d 813, 818 [Sup Ct, ND], *supra).* As one commentator noted, to allow the Code's policy of commercial reasonableness "to be thwarted by bringing a third party into the transaction does

not make good sense from either a legal or an economic perspective" (Note, *Commercial Law—Commercially Unreasonable Foreclosure Sales in the Context of a Surety Relationship, United States v Lattauzio,* 34 U Kan L Rev 175, 190 [1985]). As previously noted, the Third Department has held that a guarantor may waive the defense of commercial reasonableness *(First City Div. of Chase Lincoln First Bank v Vitale,* 123 AD2d 207, *supra).* We find the Third Department's reasoning to be unpersuasive.

First of all, its decision did not address the critical issue of whether a guarantor is a "debtor" under article 9 of the Uniform Commercial Code. Secondly, the cases relied upon by the Third Department are not dispositive of the issue. The Court of Appeals decision in both *Executive Bank v Tighe* (54 NY2d 330) and *Indianapolis Morris Plan Corp. v Karlen* (28 NY2d 30) interpret Uniform Commercial Code § 3-606, which applies to commercial paper, negotiable instruments, not the type of guarantees that are involved in the present case *(see, Chemical Bank v PIC Motors Corp.,* 87 AD2d 447, 451, *affd* 58 NY2d 1023). Article 3 imposes a different standard upon the holder in regard to the predefault treatment of the collateral than article 9 does upon the creditor in a postdefault context. Uniform Commercial Code § 3-606 allows a surety to consent to the impairment of the collateral and requires the holder's actions to be in good faith, not necessarily commercially reasonable *(see, American Bank of Commerce v Covolo,* 88 NM 405, 540 P2d 1294, 1297-1298, cited with approval in *Executive Bank v Tighe, supra,* at 338). Secondly, in *Executive Bank,* the Court of Appeals cited with approval the decision of Monroe County Supreme Court in *Chase Manhattan Bank v Natarelli (supra)* that held that a guarantor is a debtor for article 9 purposes *(Executive Bank v Tighe, supra,* at 335).

Finally, the Third Department's statement in *First City* that its holding was in accord with "the prevailing view of the persuasively authoritative Federal precedents construing identical SBA or similar instruments" *(First City Div. of Chase Lincoln First Bank v Vitale, supra,* at 212) has been cast into doubt by recent decisions of two State courts. In both *United States on Behalf of Small Business Admin. v Kurtz* (525 F Supp 734 [ED Pa], *affd* 688 F2d 827 [3d Cir], *cert denied* 459 US 991) and *United States v Kukowski* (735 F2d 1057 [8th Cir]), cited for support in *First City,* the Federal courts' holdings that a guarantor could waive article 9 defenses were based on their projections of how California and North Dakota

courts would decide the issue. Since the Federal courts' decisions, courts in both California and North Dakota have confronted the issue and specifically disavowed the Federal holdings, holding, rather, that a guarantor is a debtor entitled to the unwaivable protections of article 9 *(see, C.I.T. Corp. v Anwright Corp.,* 191 Cal App 3d 1420, 237 Cal Rptr 108, *supra; Dakota Bank & Trust Co. v Grinde,* 422 NW2d 813, *supra).* Therefore, it appears that the majority of jurisdictions have adopted the analysis which we now embrace.

We find the affidavit submitted by defendants in opposition to Marine's motion to be sufficient to raise an issue of fact concerning the commercial reasonableness of Marine's liquidation sale of the collateral *(see, First Bank & Trust Co. v Mitchell,* 123 Misc 2d 386, 394, *supra).* Accordingly, the order of Special Term denying summary judgment should be affirmed.

CALLAHAN, J. P., BOOMER, PINE and BALIO, JJ., concur.

Order unanimously affirmed, without costs.