■ KEY BANK OF CENTRAL NEW YORK, Appellant, v EUGENE C. STICKLES et al., Respondents, et al., Defendant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Special Term properly denied plaintiff's motion for summary judgment with respect to the first cause of action set forth in plaintiff's complaint. The affidavit submitted by defendants in opposition to plaintiff's motion was sufficient to raise an issue of fact concerning the commercial reasonableness of plaintiff's sale of the repossessed collateral (see, UCC 9-504 [3]; Marine Midland Bank v Kristin Intl., 141 AD2d 259, 264; National Bank v Gregory, 85 AD2d 839, 840; Madaro Trading Corp. v National Bank, 64 AD2d 977; First Bank & Trust Co. v Mitchell, 123 Misc 2d 386, 394).

The court erred, however, in failing to award summary judgment to plaintiff on its second cause of action against the defendant Eugene Stickles. The record conclusively establishes that Eugene Stickles executed a continuing guarantee on October 24, 1986, which was contemporaneous with the loan to Rage Foods. The question of whether the continuing guarantee of defendant Shirley Stickles was executed simultaneously with the loan to Rage Foods raises an issue of fact sufficient to deny plaintiff's motion for summary judgment as against her on the second cause of action. (Appeal from order of Supreme Court, Onondaga County, Hayes, J.—summary judgment.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.