OPINION OF THE COURT
Howard Miller, J.
Motion by plaintiff for summary judgment against defendant Anne M. Bradshaw and cross motion by defendant Anne M. Bradshaw for summary judgment.
It is ordered that the cross motion is denied and the motion for summary judgment is granted solely on liability as to defendant Anne M. Bradshaw and otherwise denied; and it is further
Ordered, that pursuant to the authority contained in 22 NYCRR 202.13, this action is transferred to the City Court of the City of Newburgh, whose jurisdictional limit encompasses the claim in this action for $7,306.94, for an assessment of damages against defendant Bradshaw and any further proceedings relating to defendant Scott Wassel. The Clerk of the Supreme Court is directed to transfer all papers in the file to the City Court of the City of Newburgh.
Defendant Anne M. Bradshaw (Bradshaw) executed a guaranty agreement guaranteeing the obligations of defendant Scott Wassel (Wassel) under a retail installment contract executed in connection with Wassel’s purchase of a 1990 Pontiac. After Wassel’s default, plaintiff repossessed and sold the vehicle for $5,950. Plaintiff now seeks to recover a deficiency judgment of $7,306.94.
Prior to sale, plaintiff provided the requisite UCC 9-504 (3) notice of sale solely to Wassel. The joint answer of the defendants asserts as an affirmative defense, inter alla, improper notice of sale. Bradshaw argues on this motion that she is entitled to summary judgment based upon plaintiff’s failure to notify her of the sale. Bradshaw also claims that the vehicle was worth $15,000 at the time of sale.
Plaintiff does not deny that no notice of the sale was sent to Bradshaw and relies upon a provision in the guaranty agreement which states that "The Guarantor hereby expressly waives to the extent permitted by law: * * * all notices whatsoever” and upon First City Div. of Chase Lincoln Bank v Vitale (123 AD2d 207), a 1987 Third Department case which held, under the circumstances of that case, the guarantors’ rights to a commercially reasonable sale were validly waived.
*908 Chase (supra) is inapposite to the case at bar on several counts. In Chase, the guarantors had been informed in advance of the creditor’s plan to sell the collateral; furthermore, the guaranty agreement specifically referenced a waiver of notice of sale. Thus, notice prior to sale was not at issue; the issue addressed was the guarantors’ waiver of their right to a commercially reasonable sale. Furthermore, that case was criticized in 1988 by the Fourth Department in Marine Midland Bank v Kristin Intl. (141 AD2d 259) which held that a guarantor may not waive the right to a commercially reasonable sale. In so holding, the Fourth Department found that a guarantor "is a 'debtor’ within the definition set forth in Uniform Commercial Code § 9-105 (1) (d) * * * because the guarantor becomes liable for the principal obligation upon default.” (Supra, at 261-262.) In 1990, the Second Department in Marine Midland Bank v CMR Indus. (159 AD2d 94) upheld this interpretation of "debtor” as including a guarantor.
A debtor under UCC 9-504 (3) is entitled to reasonable notification of the time and place of any public sale unless such right is renounced or modified after the default has taken place. UCC 9-501 (3) provides that the rules stated in UCC 9-504 (3) "[t]o the extent that they give rights to the debtor and impose duties on the secured party * * * may not be waived or varied”.
Bradshaw was thus entitled to notice of sale. Nevertheless, a failure to give notice is not fatal to a claim for a deficiency judgment (Telmark, Inc. v Lavigne, 124 AD2d 1055; Security Trust Co. v Thomas, 59 AD2d 242). The creditor must, however, prove the amount of the debt, the fair market value of the security and the resulting deficiency. Here, plaintiff has established the default and the amount of the debt; there is an issue of fact, however, on the fair market value of the security. Plaintiff’s attorneys allege on this motion that the fair market value of the vehicle was $8,950, substantially higher than the sale price of the car. The matter is thus being referred to the Newburgh City Court for a trial solely for an assessment of damages (Telmark, Inc. v Lavigne, supra).