■ HSBC BANK USA, Formerly Known as MARINE MIDLAND BANK, Appellant-Respondent, v ECONOMY STEEL, INC., et al., Respondents-Appellants. [747 NYS2d 661] —Appeal and cross appeal from an order of Supreme Court, Monroe County (Stander, J.), entered September 27, 2001, which granted that part of plaintiff's motion seeking summary judgment on the issue of liability and denied that part of plaintiff's motion seeking judgment in the amount of the deficiency.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of plaintiff's motion seeking judgment in the amount of the deficiency following the auction and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following Memorandum: After plaintiff auctioned inventory held as collateral pursuant to a turnover agreement with defendants, plaintiff moved for summary judgment in lieu of complaint in the amount of the resulting deficiency, together with additional costs and expenses. Although Supreme Court properly determined that plaintiff is entitled to judgment on the issue of liability (*see Telmark, Inc. v Lavigne,*

124 AD2d 1055), the court erred in failing to grant plaintiff judgment in the amount of the deficiency. Contrary to the contention of defendants, they failed to raise an issue of fact concerning the commercial reasonableness of plaintiff's decision to sell the inventory at auction and to select American Industrial Auctioneering Co., Inc. (AIA) as the auctioneer (see UCC former 9-504 [3]; cf. Key Bank v Stickles, 151 AD2d 1008). In support of the motion, plaintiff presented evidence establishing that defendants orally agreed that AIA would liquidate the inventory and that defendant Raymond P. McKenna then executed the turnover agreement, thereby giving plaintiff "full discretion to sell [the] inventory by any and all available means." Plaintiff further established that defendants worked with AIA in an attempt to sell the inventory piecemeal and, when that failed, defendants orally agreed with AIA that there was no alternative but an auction. Defendants failed to raise an issue of fact in response thereto, nor did they raise an issue of fact whether they were "active, consenting participant[s]" in the auction that followed.

We conclude that defendants by their actions agreed to the auction and the selection of AIA as the auctioneer and that this agreement is valid pursuant to UCC former 9-501 (3) (see Flickinger Co. v 18 Genesee Corp., 71 AD2d 382, 385). Although the agreement in Flickinger was in writing, there is no requirement of a writing in the UCC, which defines an "[a]greement" as a "bargain of the parties in fact as found in their language or by implication from other circumstances including course of dealing or usage of trade or course of performance" (1-201 [3]). Because defendants agreed to the auction and the selection of AIA as the auctioneer, they "may not now complain about the method of disposition [of the inventory]" (Flickinger Co., 71 AD2d at 385; see Becknell v First Natl. Bank in Little Rock, 740 F2d 609, 610). We reject defendants' further contention that the turnover agreement may be construed pursuant to UCC former 9-505 (2) as an election by plaintiff to retain the collateral in full satisfaction of the debt (see Industrial Equip. Credit Corp. v Green, 62 NY2d 903, 906).

We therefore modify the order by granting that part of plaintiff's motion seeking judgment in the amount of the deficiency following the auction. As plaintiff concedes, the record is insufficient to establish the amount of the additional costs and expenses to which it is entitled. We therefore remit the matter to Supreme Court, Monroe County, to determine the amount of those additional costs and expenses upon further submissions of the parties. Present—Green, J.P., Wisner, Scudder, Burns and Lawton, JJ.