# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**501**

**CA 12-02093**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE BANK OF CASTILE, PLAINTIFF-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

B. BEARDSLEY MANAGEMENT AND ENTERPRISES, INC.
AND MICHAEL J. VOGT, DEFENDANTS-APPELLANTS.

---

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (DAVID H. EALY OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

DAVIDSON FINK LLP, ROCHESTER (DAVID L. RASMUSSEN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Livingston County
(Dennis S. Cohen, A.J.), entered January 31, 2012. The judgment
awarded plaintiff a deficiency judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff issued commercial loans to defendant B.
Beardsley Management and Enterprises, Inc. (Beardsley), which were
guaranteed by defendant Michael J. Vogt. After plaintiff commenced
this action seeking damages for, inter alia, breach of contract, the
parties entered into a stipulation and order (stipulation). The
stipulation provided that, in the event that defendants defaulted on
their obligations with respect to the loans issued to Beardsley,
plaintiff could proceed with this action for a money judgment, which
would involve the sale of assets. Pursuant to the stipulation,
defendants did not waive any defense they had to the commercial
reasonableness of the sale of the assets. After defendants defaulted
on their obligations under the loans, plaintiff proceeded with a
public auction of the assets and thereafter moved for summary judgment
seeking a deficiency judgment. Supreme Court granted the motion, and
we affirm.

Contrary to defendants' contention, plaintiff met its burden of
establishing the commercial reasonableness of the sale of the assets
pursuant to UCC 9-610 (b), and defendants failed to raise a triable
issue of fact (*see GMAC v Jones*, 89 AD3d 985, 986; *HSBC Bank USA v
Economy Steel*, 298 AD2d 958, 958-959). "A disposition of collateral
is made in a commercially reasonable manner if the disposition is
made: (1) in the usual manner on any recognized market; (2) at the
price current in any recognized market at the time of the disposition;

or (3) otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition" (UCC 9-627 [b] [2]).  We reject defendants' contention that the auctioneer commissions were commercially unreasonable.  In support of the motion, plaintiff submitted the affidavit of an expert who was aware that the auctioneer hired by plaintiff collected a commission of 10%, plus a buyer's premium of 12%, and stated that buyer's premiums were the norm at auctions, and typically ranged from 12% to 18%.  He concluded that the buyer's premium in this auction was within industry standards.  In opposition to the motion, defendants submitted affidavits in which their experts stated that they "do[] not typically" or "only rarely" charge a buyer's premium when conducting similar auctions, but they never stated that the buyer's premium here was commercially unreasonable.

Contrary to defendants' further contention, the motion was not premature.  Defendants "failed to establish 'that facts essential to justify opposition [to the motion] may exist but cannot then be stated' " (*Newman v Regent Contr. Corp.*, 31 AD3d 1133, 1135, quoting CPLR 3212 [f]).  We have considered defendants' remaining contention and conclude that it is without merit.

Entered:  May 3, 2013                                   Frances E. Cafarell
                                                        Clerk of the Court