**LEASING SERVICE CORPORATION,**
**Plaintiff,**

v.

**CARBONEX, INC., Defendant.**

**No. 80 Civ. 5684 (WCC).**

United States District Court,
S. D. New York.

June 17, 1981.

Sol D. Bromberg, New York City, for plaintiff.

Trimble, Stapleton, Reaves & Slone, Lexington, Ky., for defendant; Harold G. Slone, Lexington, Ky., of counsel.

## OPINION AND ORDER

CONNER, District Judge.

On Subsequent Motion For Summary Judgment

This case is again before the Court on plaintiff's motion for summary judgment following submission of an additional affidavit by plaintiff covering two disputed provisions of the equipment leases at issue: a deduction of 15% of total rent or 20% of the initial price of the equipment from sale proceeds as liquidated damages to compensate plaintiff for the loss of the equipment at the term of the lease if plaintiff repossessed the equipment and resold it following default by the debtor; and attorneys' fees calculated at 20% or 15% of amounts due following default (which provisions resulted here in a request for attorneys' fees totalling approximately $160,000 in a case in which plaintiff filed a standard complaint and an unopposed summary judgment motion).

Familiarity with the Court's previous Opinion and Order is assumed. 512 F.Supp. 253.

Upon review of the supplemental affidavit and the applicable law, the Court has reached the following conclusions:

First, it is clear from the letter agreements submitted by plaintiff in the

supplemental affidavit of Sol D. Bromberg, Esq. that the defendant had options to purchase for a nominal percentage of the total lease prices . (approximately 4.3%, 4% and .75%, respectively).[1] This plus the other terms in the lease providing for acceleration and repossession and sale by plaintiff following default indicate that under N.Y. U.C.C. §§ 1–201(37)(b) and 9–102, these leases were intended as security and that the protections of Article 9 regarding disposition of the collateral apply. *National Equipment Rental v. Priority Electronics,* 435 F.Supp. 236 (E.D.N.Y.1977); *International Paper v. Columbia Wax Products,* 102 Misc.2d 738, 424 N.Y.S.2d 827 (Supreme Court, Queens County 1980).

 Secondly, N.Y.U.C.C. § 9–505(2) provides that if a secured party elects to retain collateral, this satisfies the debtor's obligations. This provision may not be waived by consent of the parties. N.Y.U.C.C. § 9–501(3)(c). Thus, plaintiff cannot argue that the 15% or 20% deduction is a liquidated damages provision based on plaintiff's right to "sue for the balance of the rent and retain the equipment," affidavit of Sol D. Bromberg at 3. See *National Equipment Rental, supra* at 240. The deductions appear wholly unreasonable in the context of a sale transaction, and are not a permissible variation of the provisions of § 9–504(1). N.Y.U.C.C. § 1–102(3).

Third, N.Y.U.C.C. § 9–504(1)(a) provides for payment of *reasonable* attorneys' fees and legal expenses. The legal fees requested are, as discussed in this Court's previous Opinion and Order, unreasonably high. Since plaintiff has declined to follow the Court's directive to submit information upon which a reasonable award could be calculated, no attorneys' fees are awarded.

1. The relevant amounts are:

| Contract | Option Purchase Price | Total lease amount |
|---|---|---|
| Sept. 19, 1979 | $ 43,360.00 | $ 1,094,280.00 |
| Nov. 26, 1979 | $ 3,479.00 | $ 90,454.00 |
| Jan. 21, 1980 | $ 1,466.00 | $ 199,394.00 |

Plaintiff shall submit a judgment on ten days' notice on or before June 22, 1981 to include unpaid contract balances and sales tax reduced by auction proceeds net of costs of repossession and sale (lien search, advertising, freight, travel expenses, storage and repairs). Failing such submission, the Court will direct the Clerk to enter judgment as indicated above.

SO ORDERED.

The Court is somewhat surprised that plaintiff's attorney neglected to provide the Court with the information on the option agreements (and indeed, neglected to inform the Court that such agreements existed) in his original moving papers, since such information is obviously highly relevant to the Court's determination of the legal character of the transactions.