**PACO CORPORATION, Plaintiff,**

v.

**Frank VIGLIAROLA, Joseph Vigliarola and Robert Rosselli, Defendants.**

No. 84 CV 0314.

United States District Court,
E.D. New York.

June 25, 1985.

Alfred A. Rosenberg, Brooklyn, N.Y., for plaintiff.

Purcell, Fritz & Ingrao, P.C., Mineola, N.Y. (Patrick J. Purcell, Mineola, N.Y., of counsel), for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is a diversity action to recover on personal guarantees executed by defendants in favor of plaintiff, who moves now for summary judgment against defendants Frank and Joseph Vigliarola. Fed.R.Civ.P. 56. For the reasons developed below, the motion is granted in part. Plaintiff has failed to serve a summons and complaint upon defendant Robert Rosselli within 120 days of commencement of the action; and accordingly the complaint is dismissed as to him. Fed.R.Civ.P. 4(j).

### Facts

In December, 1977, plaintiff, a Canadian corporation, sold cement manufacturing equipment to Parkway Block Corporation ("Parkway") for $306,198.69. Plaintiff took back a purchase money security inter-

est in the equipment; and the individual defendants, principals of Parkway and New York residents, personally guaranteed Parkway's obligation.

In the ensuing years, Parkway's business soured. It filed a bankruptcy petition in September, 1981, defaulted on its obligation, and was eventually liquidated. Defendant Rosselli formed a new corporation and purchased some of Parkway's assets, though not the equipment sold to Parkway by plaintiff.

After the default and liquidation, defendants continued efforts begun earlier to sell the equipment. When that proved unsuccessful, plaintiff, exercising its rights under the security agreement with Parkway, put the equipment up for auction.

Plaintiff sent notice of the auction to the Vigliarolas by certified mail. The letters were mailed on September 1, 1983. Joseph Vigliarola received his letter on September 3, 1983. Frank Vigliarola received his on September 6, 1983, the date of the auction. Also on September 6, plaintiff advertised the auction in the New York Times.

The auction was attended by defendant Rosselli, a representative of the Small Business Administration (which held a secondary interest in the equipment), and plaintiff's counsel.

Plaintiff purchased the equipment for $1,000, far less than Parkway's outstanding debt. It then commenced this action to recover the balance of the debt, approximately $104,000.

## Discussion

■ The rights of a secured party such as plaintiff to dispose of collateral after default are governed by U.C.C. § 9–504. "[E]very aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable." N.Y.U.C.C. § 9–504(3) (McKinney Supp.1984). The secured party must give the debtor reasonable notice of the time and place of a public sale of the collateral, or reasonable notice of the time after which any private sale is to take place. The secured party may buy the collateral at a public sale; it may also buy at a private sale if the collateral is of a type customarily sold in a recognized market or for which standard price quotations are widely available. *Id.* Defendant contends triable issues of fact exist as to the commercial reasonableness of the sale, whether the auction was a public or private sale, and whether plaintiff was in good faith in purchasing the equipment for only $1,000.

■ Assuming solely for purposes of this discussion that defendants' allegations are correct, they do not vitiate defendants' liability on the guarantees, but serve only to lessen its amount. Defendants have raised no triable issues as to the validity of the guarantees, whether Parkway defaulted, or any other facts that would tend to establish a defense to the action. Any failure by plaintiff to comply with § 9–504 does not deprive plaintiff of its right to summary judgment as to liability. *Chrysler Credit Corp. v. Mitchell*, 94 A.D.2d 971, 971, 464 N.Y.S.2d 96, 97 (4th Dep't 1983); *S.M. Flickinger Co. v. 18 Genesee Corp.*, 71 A.D.2d 382, 384, 423 N.Y.S.2d 73, 76 (4th Dep't 1979).

■ Defendants have raised triable issues of fact, however, as to the commercial reasonableness of numerous aspects of the sale. To be considered reasonable, notice should reach the obligor "in time to give him several business days in which to arrange alternative financing." J. White and R. Summers, *Uniform Commercial Code* § 26–11, at 1114 (2d ed. 1980); *see* N.Y.U.C.C. § 9–504 comment 5 (McKinney 1964).[1] Joseph Vigliarola received notice Saturday, September 3, 1983. Monday, September 5 was Labor Day; and on Tuesday, September 6, the day of the sale, Frank Vigliarola received his notice. There is a serious question of fact whether this notice was reasonable. *See First Bank and Trust Bank, N.A. v. Natarelli*, 93 Misc.2d 78, 401 N.Y.S.2d 404 (Supreme Ct. Monroe County 1977).

---

1. Guarantors are debtors within the meaning of the U.C.C., and are thus entitled to notice of the sale under § 9–504. *See Chase Manhattan*

*Co. v. Mitchell,* 123 Misc.2d 386, 392, 473 N.Y.S.2d 697, 701 (Supreme Ct. Tompkins County 1984) (Whether a particular procedure in the public sale of collateral is commercially reasonable is a question of fact).

■ Additional questions of fact exist with respect to the conduct of the sale itself. The presence at the sale of only defendant Rosselli (who admits he has no use for the equipment) and two secured creditors creates an impression that this was not a public sale. There is thus an issue whether plaintiff was entitled to bid. *See* N.Y.U.C.C. § 9–504(3) (McKinney Supp.1984). Additionally, the price paid by plaintiff at the auction—$1,000—is grossly disproportionate to the purchase price of six years earlier—$306,000—which resulted in a sizable deficiency. Thus, there exists an issue as to plaintiff's good faith.

■ If, as plaintiff contends, the collateral was sold in a commercially reasonable manner, defendants are liable for the entire deficiency. *Id.* § 9–504(2). On the other hand, if plaintiff did not comply with § 9–504, then it must prove the fair market value of the collateral, which amount will be deducted from the debt to establish the deficiency. *Chrysler Credit Corp. v. Mitchell, supra,* 94 A.D.2d at 781, 464 N.Y. S.2d at 97.

No issue of fact exists as to liability; but triable issues exist with respect to damages. Accordingly, plaintiff's motion for summary judgment is granted in part and denied part.

SO ORDERED.