■ COLOR MATE, INC., Plaintiff, and LAWRENCE J. ABEL, Appellant, v CHASE MANHATTAN BANK, N. A., Respondent.— In an action, *inter alia,* to recover damages for breach of a

loan agreement, the plaintiff Lawrence J. Abel appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 6, 1989, as denied his motion for partial summary judgment, *inter alia,* dismissing the defendant's second counterclaim and granted that branch of the defendant's cross motion which was for partial summary judgment against him on its second counterclaim on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant met its burden of demonstrating its entitlement to partial summary judgment against the appellant and the appellant offered no evidence in admissible form to show that there were factual issues requiring a trial *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290; *Stanita Realty Corp. v Hughes Aircraft Co.,* 116 AD2d 567). The personal guarantee executed by the appellant was unambiguous and unconditional and thus his liability as guarantor was not discharged by the defendant's unilateral act of ceasing loan advances *(see,* 63 NY Jur 2d, Guaranty and Suretyship, §§ 207, 356).

Furthermore, the appellant's claim that the defendant's unauthorized and improper transfer of collateral proceeds to a third party requires a discharge of his liability as a guarantor, is without merit *(see, Howe Sewing Mach. Co. v Farrington,* 82 NY 121; *Schroeppell v Shaw,* 3 NY 446). The proper remedy for an improper disposition of collateral proceeds is to "lessen" the amount of liability, not to discharge it *(see,* UCC 9-507 [1]; *Paco Corp. v Vigliarola,* 611 F Supp 923, 924, *affd* 835 F2d 1429). Thompson, J. P., Lawrence, Kunzeman and Rosenblatt, JJ., concur.