■ Orix Credit Alliance, Inc., Appellant, v East End Development Corp. et al., Respondents. [688 NYS2d 191] —In an action for a deficiency judgment representing the balance due on two secured promissory notes, and to recover attorney's fees, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated February 24, 1998, as, upon granting that branch of its motion which was for summary judgment on the issue of liability, denied (1) those branches of its motion which were for summary judgment awarding it the sum of $209,054.23 on its first cause of action and the sum of $57,094.38 on its second cause of action against the defendants East End Development Corp. and City-wide Resource Recovery, Ltd., (2) that branch of its motion which was for summary judgment awarding it the sum of $266,958.61 on its third cause of action against the defendants Harold Goberman, a/k/a Harold Chandler, a/k/a Harold Moshen and Judith Moshen as guarantors, and (3) that branch of the motion which was for partial summary judgment for attorney's fees as against all the defendants.

Ordered that the appeal insofar as asserted against the defendant Judith Moshen is held in abeyance pending final determination of her bankruptcy proceeding; and it is further,

Ordered that the order is reversed insofar as reviewed, with costs payable by the defendants Harold Goberman a/k/a Harold Chandler a/k/a Harold Moshen, East End Development Corp., and Citywide Resource Recovery, Ltd., (1) those branches of the plaintiff's motion which were for summary judgment against the defendants East End Development Corp. and Citywide Resource Recovery, Ltd., for damages in the sum of $209,054.23 on its first cause of action and $57,904.38 on its second cause of action are granted, (2) that branch of the plaintiff's motion which was for summary judgment against the defendant Harold Goberman a/k/a Harold Chandler a/k/a Harold Moshen, as guarantor, for damages in the sum of $266,958.61 on its third cause of action is granted, (3) that branch of the plaintiff's motion which was for partial summary judgment against the defendants Harold Goberman a/k/a Harold Chandler a/k/a Harold Moshen, East End Development Corp., and Citywide Resource Recovery, Ltd., for attorney's fees in the sum of $3,080 is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment.

Contrary to the Supreme Court's holding, the chattel mortgages in the instant case did not violate those provisions of the UCC which prohibit the debtor from waiving, by agreement,

the requirement of commercial reasonableness in the disposition of collateral by a secured party (*see,* UCC 1-102 [3]; 9-504 [3]). Those provisions were designed to prohibit agreements which relieved secured creditors "from virtually all responsibility with respect to the collateral and as such cannot be enforced" (*Federal Deposit Ins. Corp. v Marino Corp.,* 74 AD2d 620, 621; *see also, Marine Midland Bank v CMR Indus.,* 159 AD2d 94; *Marine Midland Bank v Kristin Intl.,* 141 AD2d 259; *Federal Deposit Ins. Corp. v Forte,* 94 AD2d 59). The UCC specifically provides that the "parties may by agreement determine the standards by which the performance of [the] obligations [of reasonableness] is to be measured if such standards are not manifestly unreasonable" (UCC 1-102 [3]; *see also,* UCC 1-102 [3], Official Comment).

The chattel mortgages in the case at bar contain provisions concerning prior notice to the debtors of the public sale of the collateral, prior newspaper advertisement of the sale, and mandatory terms of purchase at a public sale, which are not "manifestly unreasonable" (UCC 1-102 [3]; *see generally, Bankers Trust Co. v Dowler & Co.,* 47 NY2d 128, 134; *Federal Deposit Ins. Corp. v Herald Sq. Fabrics Corp.,* 81 AD2d 168, 183-184; *First City Div. v Vitale Lbr. Co.,* 123 AD2d 207, 212; *Nadler v Baybank Merrimack Val.,* 733 F2d 182, 184; *see also,* Annotation, *What is "Commercially Reasonable" Sale of Collateral,* 7 ALR4th 308). Moreover, the plaintiff demonstrated by probative evidence, uncontradicted by the defendants, that it complied with these commercially reasonable procedures. Nor is there a "wide discrepancy" between the alleged gross proceeds from the sale of the collateral, i.e., $180,000, and its fair market value, as alleged by the defendants, which would "signal a need for close scrutiny" (*Matter of Zsa Zsa, Ltd.,* 352 F Supp 665, 671, *affd* 475 F2d 1393; *see also, Federal Deposit Ins. Corp. v Herald Sq. Fabrics Corp., supra,* at 185-186). The plaintiff is entitled to $3,080 in attorney's fees, since this amount, for work actually performed, is uncontested by the defendants and is less than the amount provided for in the promissory notes. Accordingly, the plaintiff's motion for summary judgment must be granted to the extent indicated. O'Brien, J. P., Joy, Krausman and Goldstein, JJ., concur.