■ ORIX CREDIT ALLIANCE, INC., Appellant, v EAST END DEVELOPMENT CORP. et al., Respondents. [700 NYS2d 718] —In an action for a deficiency judgment representing the balance due on two secured promissory notes and to recover attorney's fees, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated February 24, 1998, as, upon granting that branch of its motion which was for summary judgment on the issue of liability, denied (1) those branches of its motion which were for summary judgment awarding it the sum of $209,054.23 on its first cause of action and the sum of $57,094.38 on its second cause of action against the defendants East End Development Corp. and Citywide Resource Recovery, Ltd., (2) that branch of its motion which

was for summary judgment awarding it the sum of $266,958.61 on its third cause of action against the defendants Harold Goberman, a/k/a Harold Chandler, a/k/a Harold Moshen and Judith Moshen as guarantors, and (3) that branch of its motion which was for partial summary judgment for attorney's fees as against all the defendants. By decision and order dated April 12, 1999, the appeal insofar as asserted against the respondent Judith Moshen was held in abeyance pending final determination of her bankruptcy proceeding and the appeal against the remaining respondents was determined (see, *Orix Credit Alliance v East End Dev. Corp.*, 260 AD2d 454). Judith Moshen's bankruptcy proceeding has now been determined.

Ordered that the order is reversed insofar as reviewed, without costs or disbursements, (1) that branch of the motion which was for summary judgment for the sum of $266,958.61 on the plaintiff's third cause of action against the defendant Judith Moshen, as guarantor, is granted, (2) that branch of the motion which was for partial summary judgment for attorney's fees in the sum of $3,080 against the defendant Judith Moshen is granted, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment.

On the prior appeal concerning this matter, this Court held, *inter alia*, that the plaintiff was entitled to summary judgment against the defendant Harold Goberman, a/k/a Harold Chandler, a/k/a Harold Moshen as guarantor, in the principal sum of $266,958.61, and attorney's fees in the sum of $3,080 (see, *Orix Credit Alliance v East End Dev. Corp., supra*). The same result is warranted with respect to the defendant Judith Moshen as guarantor. Accordingly, those branches of the plaintiff's motion which were for summary judgment against the defendant Judith Moshen must also be granted. O'Brien, J. P., Joy, Krausman and Goldstein, JJ., concur.