■ ASSOCIATES COMMERCIAL CORPORATION, Respondent, v LIB-ERTY TRUCK SALES & LEASING, INC., Defendants, and RICHARD TOPOREK, Appellant. [728 NYS2d 695] —In an action, *inter alia,* to recover on a guarantee, the defendant Richard Toporek appeals from so much of an order of the Supreme Court, Nassau

County (Austin, J.), dated September 18, 2000, as granted that branch of the plaintiff's motion which was for summary judgment for leave to enter a deficiency judgment against him in the principal sum of $261,750.61.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment against the appellant is denied.

The plaintiff, Associates Commercial Corporation (hereinafter ACC), entered into a security agreement with the defendant Liberty Truck Sales & Leasing, Inc. (hereinafter Liberty), in connection with ACC's agreement to advance money to Liberty to acquire trucks, that Liberty would then sell or lease to third parties. The collateral included all present and future vehicles in Liberty's inventory. The appellant, Richard Toporek, as well as the defendant Philip Capodiferro, signed personal guarantees on behalf of Liberty. Following Liberty's default, ACC repossessed and sold various trucks included within the collateral, and thereafter commenced this action. The Supreme Court granted ACC's motion for summary judgment against the appellant jointly and severally with the other defendants, finding that ACC's submissions demonstrated its right to enter a deficiency judgment, and that the conclusory assertions contained in the opposition papers failed to reveal a triable issue of fact. We reverse.

"[A] secured party seeking a deficiency judgment from the debtor after sale of the collateral bears the burden of showing that the sale was made in a 'commercially reasonable' manner (*see,* Uniform Commercial Code, § 9-504; *Central Budget Corp. v Garrett,* 48 AD2d 825)" (*Mack Fin. Corp. v Knoud,* 98 AD2d 713, 714). A guarantor is also entitled to interpose this as a defense (*see, Chemical Bank v Gem Trak,* 232 AD2d 355; *Marine Midland Bank v CMR Indus.,* 159 AD2d 94). The proof submitted by ACC in support of its motion failed to demonstrate that the collateral was sold in a commercially-reasonable manner. The proof also failed to account for the sale of four of the trucks which were included by ACC as part of the collateral. Thus, as a matter of law, ACC failed to meet its burden of showing that all of the collateral seized was disposed of in a commercially-reasonable manner in accordance with UCC 9-504 (3) (*see generally, New Jersey Bank, Natl. Assn. v Varano,* 120 AD2d 505; *Kohler v Ford Motor Credit Co.,* 93 AD2d 205; *National Bank v Gregory,* 85 AD2d 839; *cf., Transamerica Commercial Fin. Corp. v Matthews of Scotia,* 178 AD2d 691). Because ACC failed to meet its initial burden of producing evidentiary proof in admissible form establishing its right

to judgment against the appellant in the amount demanded, as a matter of law, summary judgment should have been denied as to the appellant irrespective of the inadequacies in the opposition papers (*see, Zuckerman v City of New York,* 49 NY2d 557). Bracken, P. J., Friedmann, Florio and Feuerstein, JJ., concur.