■ FORD MOTOR CREDIT COMPANY, INC., Respondent, v RACWELL CONSTRUCTION, INC., et al., Appellants. [808 NYS2d 294]—

In an action to recover damages for breach of a lease, the defendants appeal from an order of the Supreme Court, Westchester County (Colabella, J.), entered October 1, 2004, which granted the plaintiff's motion for summary judgment on the issues of liability and damages, denied the defendants' motion for summary judgment, and directed the entry of a judgment in favor of the plaintiff and against the defendants in the sum of $13,092.77.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of damages and directing the entry of a judgment in favor of the plaintiff and against the defendants in the sum of $13,092.77, and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The defendants Francesco Racanelli and Racwell Construction, Inc., leased a vehicle from Pleasantville Ford, a nonparty. The plaintiff Ford Motor Credit Company, Inc. (hereinafter Ford), was designated as the agent for enforcement of the lease. The lease called for 36 monthly payments and included an option to purchase the vehicle at the end of the lease. At the end of the lease, the defendants did not exercise the purchase option, nor did they return the vehicle as required by the lease. Almost four months after the end of the term, Ford repossessed the vehicle and sold it at a private auto auction.

Ford commenced this action to recover from the defendants

the deficiency under the default provisions of the lease. The defendants counterclaimed to recover damages resulting from Ford's alleged breach of the lease, arguing that it failed to cancel the lease before repossessing the vehicle. Both Ford and the defendants moved for summary judgment. The Supreme Court denied the defendants' motion and granted Ford's motion, and directed the entry of judgment against the defendants in the amount sought by Ford. The defendants appeal.

While the Supreme Court properly granted Ford summary judgment on the issue of liability, it erred in granting that branch of Ford's motion which was for summary judgment on the issue of damages and in directing the entry of judgment in the amount sought by Ford.

The lease provides that, in the event of default or early termination, the defendants will be liable for the difference between the lease-end purchase price of the vehicle and the proceeds of its sale. The lease is thus a secured transaction governed by UCC article 9 (*see International Paper Credit Corp. v Columbia Wax Prods. Co.*, 102 Misc 2d 738 [1980], *revd on other grounds* 79 AD2d 700 [1980]). Ford, therefore, bore the burden of establishing that all aspects of the sale of the vehicle were commercially reasonable (*see* UCC 9-626 [a] [2]). It did not meet its burden. There are issues of fact as to whether the sale of the vehicle was done in a commercially reasonable manner and whether the notice of sale was reasonable (*see Associates Commercial Corp. v Liberty Truck Sales & Leasing*, 286 AD2d 311, 312 [2001]; *New Jersey Bank, N.A. v Varano*, 120 AD2d 505, 506 [1986]; *Kohler v Ford Motor Credit Co.*, 93 AD2d 205, 208 [1983]; *see also* UCC 9-613 [1] [b]).

Thus, the matter must be remitted to the Supreme Court, Westchester County, for a trial on the issue of damages. We note that even if it is ultimately determined that the sale or notice of sale were not commercially reasonable, Ford will not be deprived of its deficiency judgment. Rather, Ford will then have to prove at trial that the amount that would have been received at the sale of the vehicle, had the sale complied with the requirements of UCC article 9, would have been less than the amount of the obligation, attorney's fees, and expenses (*see* UCC 9-626 [a] [3] and [4]).

The defendants' remaining contentions are without merit. Adams, J.P., S. Miller, Rivera and Dillon, JJ., concur.