KEY EQUIPMENT FINANCE, INC., Appellant, v SOUTH SHORE IMAGING, INC., et al., Respondents. [835 NYS2d 268]—

In an action, inter alia, to recover damages for breach of an equipment lease, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated January 25, 2006, which denied its motion for summary judgment.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment in the sum of $26,474.74 on the first cause of action asserted against the defendant South Shore Imaging, Inc., and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment in the sum of $209.82 on the second cause of action asserted against the defendant South Shore Imaging, Inc., and substituting therefor a provision granting that branch of the motion, and (3) by deleting the provision thereof denying that branch of the plaintiff's motion which was

for summary judgment on the third cause of action asserted against the defendant South Shore Imaging, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff, payable by the defendant South Shore Imaging, Inc., and the matter is remitted to the Supreme Court, Richmond County, for a hearing and determination of the amount of the attorney's fee due to the plaintiff from the defendant South Shore Imaging, Inc.

On August 1, 2002 the defendant South Shore Imaging, Inc. (hereinafter South Shore) entered into an agreement to lease a Konica laser imager machine for a period of 63 months. The lease was executed on behalf of South Shore by its president, the defendant Ronald Pandolfini. Ronald Pandolfini and two other corporate officers, the defendants Jason Pandolfini and Joseph Romagnolo, also signed a section of an equipment schedule attached to the lease which contained a guaranty provision. On one of two signed copies of the equipment schedule produced by the plaintiff, the individual defendants listed their corporate titles underneath their signatures. After South Shore allegedly defaulted on its obligations under the lease by failing to make the payment due on October 20, 2004 the plaintiff commenced this action against both the corporation and the individual defendants. The plaintiff's first, second, and third causes of action seek to recover the balance due under the lease from South Shore, as well as late fees and an attorney's fee. The plaintiff's fifth, sixth, and seventh causes of action seek to recover damages against the individual defendants.

On appeal the plaintiff contends, inter alia, that the Supreme Court erred in denying that branch of its motion which was for summary judgment in the sum of $26,474.74 on its first cause of action against South Shore to recover the balance due under the lease. We agree. The plaintiff made a prima facie showing of its entitlement to judgment as a matter of law on its first cause of action by submitting signed copies of the subject lease and proof that South Shore defaulted on its obligations under the lease by failing to make the payment due on October 20, 2004 or any payments thereafter (*see Unistar Leasing, Div. of United Computer Capital Corp. v Betco, Inc.,* 12 AD3d 1161 [2004]; *Advanta Leasing Servs. v Laurel Way Spur Petroleum Corp.,* 11 AD3d 571 [2004]). This evidence of South Shore's default was also sufficient to make a prima facie showing that the plaintiff was entitled to judgment as a matter of law on its second cause of action to recover $209.82 in late fees, and its third cause of action to recover an attorney's fee pursuant to the terms of the lease.

In opposition to the motion, South Shore relied upon the affidavit of an expert to argue that the subject lease was inadmissible in evidence and thus unenforceable because its print was less than eight points in depth in violation of CPLR 4544. Contrary to the Supreme Court's conclusion, the allegedly inadequate print size of the lease does not render the lease unenforceable because CPLR 4544 applies, by its terms, only to printed contracts or agreements involving consumer transactions or residential leases. CPLR 4544 further defines the term "consumer transaction" as "a transaction wherein the money, property or service which is the subject of the transaction is primarily for personal, family or household purposes." Here, the subject transaction involved the lease of an item of medical equipment by a corporate entity, and the lease contained a provision stating that "all equipment shall be used solely for business purposes, and not for personal, household, or other use." Accordingly, even assuming that the print of the lease was smaller than eight points in depth, CPLR 4544 does not apply to prohibit its receipt in evidence. Since South Shore thus failed to raise an issue of fact as to the enforceability of the lease and its default thereunder, those branches of the plaintiff's motion which were for summary judgment on the first three causes of action should have been granted.

Although South Shore is liable for an attorney's fee under the terms of the lease, in "recognition of the traditional authority of the courts to supervise the charging of fees for legal services under the courts' inherent and statutory powers to regulate the practice of law" (*Matter of First Natl. Bank of E. Islip v Brower,* 42 NY2d 471, 474 [1977]; *see SO/Bluestar, LLC v Canarsie Hotel Corp.,* 33 AD3d 986 [2006]), we remit the matter to the Supreme Court, Richmond County, for a hearing to determine the reasonable amount of the attorney's fee (*see CIT Group/Equip. Fin., Inc. v Riddle,* 31 AD3d 477 [2006]; *MBNA Am. Bank v Paradise,* 285 AD2d 586 [2001]).

However, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on its fifth, sixth, and seventh causes of action asserted against the individual defendants, as issues of fact are presented. Crane, J.P., Krausman, Covello and Carni, JJ., concur.