■ COMMERCE COMMERCIAL LEASING, LLC, Respondent, v PIO ENTERPRISES, INC., et al., Appellants. [913 NYS2d 248]—

In an action, inter alia, to recover damages for breach of a lease of equipment, the defendants PIO Enterprises, Inc., and Angelo Ingrassia, also known as Angelo J. Ingrassia, appeal, and the defendant Giuseppe Faraci, also known as Joe Faraci, appeals, from a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered August 18, 2009, which, upon an order of the same court dated June 22, 2009, granting those branches of the plaintiff's motion which were, in effect, for summary judgment on the issues of liability and damages, is in favor of the plaintiff and against them jointly and severally in the total sum of $70,118.83.

Ordered that the appeal by the defendant Giuseppe Faraci, also known as Joe Faraci, is dismissed, and the judgment and the order insofar as they apply to that defendant are vacated; and it is further,

Ordered that the judgment is reversed insofar as appealed from by the defendants PIO Enterprises, Inc., and Angelo Ingrassia, also known as Angelo J. Ingrassia, on the law, that

branch of the plaintiff's motion which was, in effect, for summary judgment on the issue of damages against those defendants is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants PIO Enterprises, Inc., and Angelo Ingrassia, also known as Angelo J. Ingrassia.

The plaintiff and the defendant PIO Enterprises, Inc. (hereinafter PIO), entered into a self-described "finance lease" with respect to certain equipment. The defendants Angelo Ingrassia, also known as Angelo J. Ingrassia (hereinafter Ingrassia), and Giuseppe Faraci, also known as Joe Faraci (hereinafter Faraci), personally and unconditionally guaranteed PIO's payment obligations under the lease.

After all of the defendants defaulted on the payments due under the lease, the plaintiff commenced the instant action, inter alia, to recover damages for breach of the lease and to recover on the guarantees. Subsequently, after regaining possession of the equipment, the plaintiff sold the equipment to a third party at an auction. Thereafter, in their amended answer to the complaint, the defendants asserted as an affirmative defense that the sale of the equipment was not effected in a commercially reasonable manner. Ultimately, the plaintiff moved, inter alia, in effect, for summary judgment on the issues of liability and damages. The Supreme Court granted those branches of the plaintiff's motion which were, in effect, for summary judgment on the issues of liability and damages, after which a judgment was entered in favor of the plaintiff and against the defendants, jointly and severally, in the total sum of $70,118.83.

As a preliminary matter, the record reflects that Faraci died before the order was issued and the judgment was entered, and no substitution has since taken place, as required by CPLR 1015. Accordingly, the judgment and the order insofar as they apply to Faraci are nullities and must be vacated, and the appeal purportedly taken by Faraci must be dismissed (see Golia v Golia, 286 AD2d 368, 369 [2001]; Bluestein v City of New York, 280 AD2d 506 [2001]; Kelly v Methodist Hosp., 276 AD2d 672, 673 [2000]; Cooper v Volk, 157 AD2d 766, 767 [1990]; Catalfamo v Flushing Natl. Bank, 124 AD2d 624, 625 [1986]).

The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the issue of liability (see Key Equip. Fin., Inc. v South Shore Imaging, Inc., 39 AD3d 595, 596 [2007]; Advanta Leasing Servs. v Laurel Way Spur Petroleum Corp., 11 AD3d 571, 571 [2004]; Terminal Mktg. Co. v Murphy, 296 AD2d

399, 400 [2002]; *see also Ford Motor Credit Co., Inc. v Racwell Constr., Inc.*, 24 AD3d 500, 501 [2005]). In opposition, PIO and Ingrassia (hereinafter together the appellants) failed to raise a triable issue of fact as to liability. Instead, their arguments were limited to issues concerning the alleged commercial unreasonableness of the equipment sale, and deficiencies in the notice of disposition of the equipment relative to the subject sale, both of which are relevant only to the issue of damages (*see* UCC 9-626 [a] [3], [4]; *Ford Motor Credit Co., Inc.*, 24 AD3d at 501).

With respect to the issue of damages, although self-described as a "finance" lease, the lease provides that part of the consideration PIO was to pay the plaintiff for the right to possession and use of the equipment was an obligation, for the term of the lease, to refrain or forbear from terminating the lease; the lease further provides that PIO has an option, upon its compliance with the lease, to purchase the equipment for nominal additional consideration (*see Citipostal, Inc. v Unistar Leasing*, 283 AD2d 916, 916-918 [2001]; *Leasing Serv. Corp. v Carbonex, Inc.*, 522 F Supp 79, 79-80 [1981] [applying New York law]; *National Equip. Rental, Ltd. v Priority Elecs. Corp.*, 435 F Supp 236, 238 [1977] [applying New York law]). Under such circumstances, the lease is, in fact, a secured transaction governed by Uniform Commercial Code (hereinafter UCC) article 9 (*see* UCC 1-201 [37] [a] [iv]; *Citipostal, Inc. v Unistar Leasing*, 283 AD2d at 918).

In that regard, since the lease is a secured transaction governed by UCC article 9, and the appellants raised the issue of commercial reasonableness of the plaintiff's sale of the equipment in their amended answer to the complaint, the plaintiff "bore the burden of establishing that all aspects of the sale of the [equipment] were commercially reasonable" (*Ford Motor Credit Co., Inc.*, 24 AD3d at 501, citing UCC 9-626 [a] [2]; *see Associates Commercial Corp. v Liberty Truck Sales & Leasing*, 286 AD2d 311, 312 [2001]; *see also* UCC 9-610 [a]). The plaintiff did not meet its burden. There are issues of fact as to whether the sale of the equipment was accomplished in a commercially reasonable manner and, therefore, the Supreme Court should have denied that branch of the plaintiff's motion which was, in effect, for summary judgment on the issue of damages (*see Ford Motor Credit Co., Inc.*, 24 AD3d at 501).

We note that, contrary to the appellants' contention, the plaintiff complied with the relevant provisions of the UCC regarding the notification of disposition of the equipment (*see* UCC 9-611 [b]; 9-613 [a]). Covello, J.P., Dickerson, Belen and Lott, JJ., concur.