■ GMAC, Respondent, v Selinda Jones et al., Appellants. [933 NYS2d 354]—

The plaintiff commenced this action against the defendants, inter alia, for a deficiency judgment representing the balance allegedly due on a retail installment contract (hereinafter the contract) after the plaintiff sold the vehicle which was the subject of the contract at a private automobile auction. The plaintiff moved for summary judgment on the complaint. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint, arguing that the plaintiff failed to provide proper notice as required by certain provisions of the Uniform Commercial Code, and that the plaintiff failed to conduct a commercially reasonable sale of the vehicle.

When a secured party seeks to dispose of collateral after a default, it must send the debtor "a reasonable authenticated notification of disposition" (UCC 9-611 [b]). Moreover, "[a] secured party seeking a deficiency judgment from the debtor after sale of the collateral bears the burden of showing that the sale was made in a commercially reasonable manner" (*Associates Commercial Corp. v Liberty Truck Sales & Leasing*, 286 AD2d 311, 312 [2001] [internal quotation marks omitted]; *see* UCC 9-610).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The defendants do not dispute that they entered into the subject contract or that they stopped making the required payments. The plaintiff met its burden of showing that it provided the defendants with reasonable notice that it intended to sell the vehicle at a private automobile auction (*see* UCC 9-614, 9-613). The plaintiff also met its burden of showing that it sold the vehicle in a commercially reasonable manner (*see* UCC 9-610, 9-627; *cf. Paco Corp. v Vigliarola*, 611 F Supp 923, 925-926 [1985], *affd* 835 F2d 1429 [1987]; *Associates Commercial Corp. v Liberty Truck Sales & Leasing*, 286 AD2d at 312; *Federal Deposit Ins. Corp. v Forte*, 144 AD2d 627, 629 [1988]).

In opposition, the defendants failed to raise a triable issue of fact as to whether the vehicle was sold in a commercially reasonable manner. The vehicle was two years old, with an

odometer reading of 47,008 miles. The plaintiff sold the vehicle for the sum of $23,000, which was $1,700 greater than its estimated wholesale value of $21,300 (*see Orix Credit Alliance v East End Dev. Corp.*, 260 AD2d 454, 455 [1999]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint and denied the defendants' cross motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur.