■ M & T BANK, Appellant, v DANA M. SAILOR et al., Respondents. [16 NYS3d 816]—

In an action to recover damages for breach of contract and unjust enrichment, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (McCormack, J.),

dated June 29, 2013, as denied those branches of its motion which were, in effect, for summary judgment on the issues of liability and damages.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was, in effect, for summary judgment on the issue of liability, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

In March 2005, the defendants took a loan from the plaintiff in order to purchase a boat, which they pledged as security for the loan. In January 2011, the defendants stopped making payments to the plaintiff. On June 16, 2011, the plaintiff sent a "Notice of Repossession and Sale of Merchandise" (hereinafter the notice of sale) to the defendants which stated that it had repossessed the boat, and that the boat would be sold at a private sale on or after June 25, 2011. By letter dated August 29, 2011, the plaintiff notified the defendants that the boat had been sold, and demanded payment for the remaining balance on the loan. When the defendants failed to pay the remaining balance, the plaintiff commenced this action to recover damages for breach of contract and unjust enrichment. The plaintiff moved, in effect, for summary judgment on the issue of liability and damages, and the Supreme Court denied the motion. The plaintiff appeals.

The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the issue of liability (see Commerce Commercial Leasing, LLC v PIO Enters., Inc., 78 AD3d 1105, 1106 [2010]; Key Equip. Fin., Inc. v South Shore Imaging, Inc., 39 AD3d 595, 596 [2007]). In opposition, the defendants failed to raise a triable issue of fact as to liability. They argued only that there were issues of fact as to whether the boat was sold in a commercially reasonable manner, and whether there were deficiencies in the notice of sale, both of which are relevant only to the issue of damages (see UCC 9-626 [a] [3], [4]; Commerce Commercial Leasing, LLC v PIO Enters., Inc., 78 AD3d at 1107; Ford Motor Credit Co., Inc. v Racwell Constr., Inc., 24 AD3d 500, 501 [2005]).

Since the defendants raised the issue of the commercial reasonableness of the plaintiff's sale of the boat in their amended answer to the complaint, the plaintiff "bore the burden of establishing that all aspects of the sale of the [boat] were commercially reasonable" (Ford Motor Credit Co., Inc., 24 AD3d at 501, citing UCC 9-626 [a] [2]; see Commerce Commercial Leasing, LLC v PIO Enters., Inc., 78 AD3d at 1107; As-

*sociates Commercial Corp. v Liberty Truck Sales & Leasing,* 286 AD2d 311, 312 [2001]; *108th St. Owners Corp. v Overseas Commodities,* 238 AD2d 324, 325 [1997]; *Federal Deposit Ins. Corp. v Forte,* 144 AD2d 627, 629 [1988]; *see also* UCC 9-610 [a]; *Bankers Trust Co. v Dowler & Co.,* 47 NY2d 128, 134 [1979]). The plaintiff did not meet its burden (*see ACG Credit Co. II, LLC v Hearst,* 102 AD3d 817, 818 [2013]; *Commerce Commercial Leasing, LLC v PIO Enters., Inc.,* 78 AD3d at 1107; *Ford Motor Credit Co., Inc.,* 24 AD3d at 501; *Associates Commercial Corp. v Liberty Truck Sales & Leasing,* 286 AD2d at 312). The plaintiff failed to eliminate all triable issues of fact, including whether the sale of the boat was accomplished in a commercially reasonable manner, and whether the notice of sale was timely.

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was, in effect, for summary judgment on the issue of liability, and properly denied that branch of the plaintiff's motion which was, in effect, for summary judgment on the issue of damages. Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.