■ CAPITAL ONE TAXI MEDALLION FINANCE, Appellant, v PATTON R. CORRIGAN et al., Respondents. [48 NYS3d 125]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered July 21, 2016, which denied plaintiff's motion for summary judgment in lieu of complaint, unanimously reversed, on the law, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff established prima facie its entitlement to summary judgment on defendants' guaranties of nonparty Transit Funding Associates, LLC's (TFA) obligations under a loan agreement by submitting evidence of the loan agreement, promissory notes, individual guaranties, and TFA's and defendants' failure to pay (see Bank of Am. v Tatham, 305 AD2d 183 [1st Dept 2003]). Plaintiff established that it was owed $57,201,109.22 as of December 1, 2014.

In opposition, defendants failed to raise an issue of fact. The guaranties include a provision limiting defendants' liability where there is "a final adjudication by a court of competent jurisdiction of a valid defense to Borrower's obligations under the Loan Documents to payment of its liabilities." In a separate action, TFA, its affiliates, and defendants herein allege, inter alia, that plaintiff herein breached the loan agreement by ceasing to approve any loan advances months before the expiration of the loan agreement. Defendants allege in this action that plaintiff's breach of contract and negligent interference with collateral are valid defenses to TFA's obligations and that a decision on plaintiff's summary judgment motion must await a decision in the other action.

However, the claims of breach of contract and negligent interference with collateral are not defenses to TFA's liability under the loan agreement; they are merely counterclaims. The adjudication of these claims will not affect TFA's liability for repayment of the amounts borrowed before the breach occurred, although it may entitle TFA to damages (see generally Metropolitan Switch Bd. Mfg. Co., Inc. v B & G Elec. Contrs., Div. of B & G Indus., Inc., 96 AD3d 725 [2d Dept 2012]; Color Mate v Chase Manhattan Bank, 168 AD2d 534 [2d Dept 1990]). Because the breach of contract and negligent interference with collateral claims are separate from TFA's unequivocal and unconditional obligation to repay the monies it was loaned, de-

fendants are still liable under the guaranties and promissory notes.

We have considered defendants' other arguments and find them unavailing. Concur—Tom, J.P., Renwick, Saxe, Feinman and Gesmer, JJ.