Ally Fin. Inc. v Jonathan (2020 NY Slip Op 05630)





Ally Fin. Inc. v Jonathan


2020 NY Slip Op 05630


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


446 CA 19-01996

[*1]ALLY FINANCIAL INC., PLAINTIFF-RESPONDENT,
v
LARUE F. JONATHAN, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






WESTERN NEW YORK LAW CENTER, BUFFALO (MATTHEW A. PARHAM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KIRSCHENBAUM & PHILLIPS, P.C., FARMINGDALE (LOVE AHUJA OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Genesee County (Charles N. Zambito, A.J.), entered February 15, 2019. The judgment awarded plaintiff money damages. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion in part and vacating the award of damages, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action for a deficiency judgment to recover the balance allegedly due on a retail installment contract with respect to a motor vehicle that plaintiff repossessed and sold at an auction. In appeal No. 1, defendant appeals from an order granting plaintiff's motion for summary judgment on the complaint. In appeal No. 2, defendant appeals from a judgment awarding plaintiff damages as provided in the order.
We note at the outset that appeal No. 1 must be dismissed inasmuch as the order granting plaintiff's motion for summary judgment is subsumed in the final judgment (see Wiedenhaupt v Hogan [appeal No. 2], 89 AD3d 1525, 1526 [4th Dept 2011]).
With respect to appeal No. 2, we conclude, initially, that Supreme Court properly granted plaintiff's motion insofar as it sought summary judgment on the issue of liability. Plaintiff established on its motion that defendant stopped making the required payments under the contract and, in opposition, defendant did not dispute that she stopped making those payments (see generally Ford Motor Credit Co., Inc. v Racwell Constr., Inc., 24 AD3d 500, 501 [2d Dept 2005]).
We agree, however, with defendant that the court should have denied plaintiff's motion insofar as it sought summary judgment on the amount of damages. Plaintiff did not meet its initial burden of establishing the amount of the alleged deficiency as a matter of law (cf. Central Natl. Bank, Canajoharie v Butler [appeal No. 2], 294 AD2d 881, 882 [4th Dept 2002]; see generally Ford Motor Credit Co. v Sawdey, 286 AD2d 972, 972 [4th Dept 2001]; Sisters of Charity Hosp. of Buffalo v Riley, 231 AD2d 272, 282 [4th Dept 1997]). We note in particular that plaintiff failed to provide evidence of defendant's payment history, and failed to establish whether it applied certain applicable credits, including an unearned credit service charge pursuant to Personal Property Law §§ 305 and 315.
Moreover, plaintiff's moving papers failed to establish that the vehicle was sold in a commercially reasonable manner (see Ford Motor Credit Co., Inc., 24 AD3d at 501). A "secured party seeking a deficiency judgment from the debtor after sale of the collateral bears the burden of showing that the sale was made in a commercially reasonable manner" (GMAC v Jones, 89 AD3d 985, 986 [2d Dept 2011] [internal quotation marks omitted]; see generally UCC 9-627 [*2][b]). We conclude that, "[h]aving failed to set forth any of the facts and circumstances surrounding the sale, plaintiff failed to satisfy a prerequisite to obtaining a deficiency judgment and is not entitled to summary judgment" with respect to damages (Ford Motor Credit Co. v Hernandez, 210 AD2d 656, 657 [3d Dept 1994]; see Ford Motor Credit Co., Inc., 24 AD3d at 501; see also Mack Fin. Corp. v Knoud, 98 AD2d 713, 714 [2d Dept 1983]). Thus, we modify the order accordingly.
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court